The opinion of the court was delivered by
Breaux, J.
The appeal is before us on a motion for its dismissal. Under the law, the appeal was returnable on the third Monday of January, 1900. On the 16th day of January, 1900, counsel for the appellant obtained an extension of the time to February 5th, 1900, within which to file the transcript of appeal. The transcript of appeal was filed on the eighth of February of that year. The fifth, sixth, seventh and eighth of February were judicial days and are, therefore, to be counted in considering delays in matter of appeal. On the 21st of February, counsel, other than the counsel of record, filed a motion alleging that they' represented the plaintiffs, and suggesting that the appeal had been taken against the consent of the appellant, that it was filed after the legal delays, and moved for its dismissal.
Counsel for the appellant, Mr. E. A. O’Sullivan, filed an answer to this motion in which he, in substance, alleged that he is the attorney of record, and represents the appellant.
The authority of the attorney of record will be presumed, unless denied under oath. This authority has always been sustained, and the right of the attorney has never been- denied on mere allegations. 'Succession of Patrick, 20th Ann., 204; Deckman vs. City, 26th Ann., 302; Dangerfield’s Executrix vs. Thurston’s Heirs, 8th N. S., 232. In this view, the counsel of record is counsel for the appellant and has control of the appeal, and is in charge of its prosecution before this court. *1261 While thus holding, we cannot overlook the fact to which our attention is called thalt the transcript of appeal was not filed in time. This we think is fatal to the appeal. The appellant in such a case will be held to have abandoned the appeal. This court said, in Coudroy vs. Pecot, 51st Ann., 495: “Appellant maintains that assuming the grounds urged for dismissal to have been well founded, they could only have been urged within three days from the filing of the transcript. If the appeal was abandoned under the order of appeal as taken, as we hold it was, the effect was self-acting, needing no order of court to make it operative. An order of court on that subject would be merely declaratory of an existing fact”. See also case of Hake vs. Lee and Beal, recently decided.
The motion to dismiss the appeal on grounds before stated has been repeatedly entertained after the time within which a motion to dismiss an appeal should be filed for the reason that it is considered as presenting an objection to the appéal which the court will entertain on its own motion, even without suggestion. We have not overlooked the fact that this appeal was filed on the third day after the time had elapsed. If the case were before us on appeal returnable within the time fixed by law, the appellant would be entitled to three days of grace, but the rule is different when delay is granted by the appellate court within which to file the transcript of appeal. The extension of time granted does not include days of grace. “The authorities are numerous that when an extension of time has been granted, the appellant is not entitled to three days of grace within which to file his transcript of appeal”. Archer vs. Gonsoulin, 46th A., 144; Cane vs. Caldwell and Kahn, 28th Ann., 901; Von Hoven vs. Von Hoven, 43 A., 1170, and other cases.
The authority of the attorney cannot cure such defect as the suggestion makes evident. In the present situation of the appeal there is no alternative. The appeal must be dismissed.
It is therefore adjudged, ordered and decreed that the appeal in this case be and the same is hereby dismissed.