(118 So. 692)

No. 29545.

JACOBS et al. v. WEAVER & RIVERS et al.

Oct. 29, 1928.

W. M. Phillips, of Shreveport, for appellants.

Cook & Cook, of Shreveport, for appellees.

On Motion to Dismiss.

ST. PAUL, J. There was judgment below on June 9, 1928, maintaining defendants' plea of prescription and dismissing plaintiffs' suit. On June 16, 1928, plaintiffs moved for, and were allowed, an appeal suspensive and devolutive returnable July 30, 1928. On June 19, 1928, plaintiffs perfected their appeal by furnishing the bond required.

Plaintiffs failed to file the transcript in this court on or before the return day, July 30, 1928, or within three days thereafter, nor did plaintiff obtain any extension of time for doing so. But the transcript was filed in this court only on August 23, 1928, and defendant now moves to dismiss the appeal.

The rule is settled beyond controversy that, where the appellant perfects his appeal, and fails to file the transcript on or before the return day, or within the three days of grace following the return day, he is conclusively presumed to have abandoned the appeal; and this conclusive presumption can only be avoided by timely (i. e., previous) application to the appellate court for an extension of the return day. And in such cases the motion to dismiss can be made at any time after the filing of the transcript. Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Whitney-Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co., 146 La. 572, 83 So. 834.

Decree.

The appeal herein taken is therefore dismissed.