No. 817

First Circuit

———

WIGGINS v. TEXAS & NEW ORLEANS R. R. CO.

———

(June 1, 1931. Opinion and Decree.)

———

J. R. Parkerson and Wilbur Kramer, of Franklin, attorneys for plaintiff, appellant.

Brumby & Bauer, of Franklin, attorneys for defendant, appellee.

MOUTON, J. Judgment, in this case, was rendered against plaintiff April 24, 1930.

A devolutive appeal was granted plaintiff returnable to this court on June 23, 1930.

The record was filed in this court February 28, 1931, more than six months after the return day for the appeal had expired.

On the ground that the record was filed too late, defendant moves to dismiss the appeal.

Appellant contends that he should not be denied his right of appeal because the clerk of court has failed to file the record in time.

The main reliance of appellant in support of that contention is based on the decision in Stockbridge v. Martin, 162 La. 601, 110 So. 828.

In that case, which came up from the Court of Appeal, Second circuit, the Supreme Court, in overruling the motion to dismiss, referred to the rule in that circuit, which made it the duty of the clerk of the district court to file the record in the Court of Appeal on or before the return day.

Under the rule of this court on that subject, it is incumbent on the appellant and not on the clerk to have the record filed within the time fixed for the return day of the appeal as it is required in the Supreme Court by articles 587, 588, 883, Code Prac.

Const. 1921, art. 7, sec. 27, says:

"The rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Court of Appeal, so far as they may be applicable."

We find that the rule which requires the appellant to have the transcript filed in the Supreme Court on the return day applies to the filing of the original records in this court.

After the appellant has made the required deposit of costs for his appeal, he has the right to have the record filed by the clerk of the district court in this court on the return day of the appeal. In case of the inability of the clerk to make the filing in time, he may obtain an extension of the delay by proper application.

The record having been filed too late in this case, the motion must prevail, and the appeal is therefore dismissed, at appellant's cost.