## WEBER v. KEMP et al.
### No. 1132.

Court of Appeal of Louisiana. First Circuit. May 22, 1933.

D. J. Sanchez and Fred G. Benton, both of Baton Rouge, for appellant.

W. B. Kemp and Ellis, Ellis & Ellis, all of Amite, and Nicholls Pugh, of Springville, for appellees.

LE BLANC, Judge.

Defendant-appellee moves the court to dismiss the appeal granted herein on the ground that the record was filed long after the return date fixed by the order of appeal; no extension of time having been granted for any delays.

Judgment was signed in the district court

on November 5, 1931, rejecting the plaintiff's demand and dismissing his suit at his costs. The extract from the minutes of court show that on the same day, on motion of his counsel, he was granted an order of appeal to this court; the return day being fixed as of November 30, 1931. The filing mark of the clerk shows that the record was not lodged in this court until November 14, 1932, which was one year less two weeks from the return day.

Counsel for plaintiff-appellant admit the present status of the appeal, but urge, for the reason that the record has never been completed because of the death of the court stenographer before he had transcribed all of the notes of evidence, that the delay was not the fault of any one, and therefore the case should be remanded to the lower court for reinstatement on the docket of that court and to be tried anew. They have filed a motion to that effect, the averments of which are supported by various affidavits submitted therewith.

Conceding the verity of all that is alleged in their motion and the correctness of all that the affidavits contain, the fact remains that there never was any application presented for an extension of time in order to complete the record, and it was filed in this court in the condition in which it is, nearly a year after the return day.

■ It is the duty of the appellant to see that the record is filed in this court within the time fixed for the return day of the appeal, and, when for some reason beyond his control he is prevented from doing so, it is his further duty, if he cares to preserve his appeal, to apply for an extension of time, supporting his motion therefor by proper affidavit. This, in effect, is what is provided by the rules of this court as shown by rules 3 and 4 of the Rules of the Court of Appeal, First Circuit, which are published in 11 La. App. Report, p. 769. These particular rules, after all, are but the embodiment, in substance, of the articles of the Code of Practice pertaining to the filing of a record in the appellate court.

■ Applications for extension of time in which to file a record are almost invariably granted in this court on mere presentation of the motion with the affidavit of the clerk 'of court attached. Had the appellant in this case been the least bit vigilant, he could easily have maintained his order of appeal in effect, and could, during that time, have taken the steps to have the case remanded as he is now seeking to do. Having failed, however, to protect his rights under the order which he had been granted, he is conclusively presumed to have abandoned his appeal, and the appellee's motion to dismiss must prevail. In the case of Jacobs v. Weaver & Rivers et al., 167 La. 59, 118 So. 692, the Supreme Court, in considering the same motion as is here presented, said: "The rule is settled beyond controversy that, where the appellant perfects his appeal, and fails to file the transcript on or before the return day, or within the three days of grace following the return day, he is conclusively presumed to have abandoned the appeal; and this conclusive presumption can only be avoided by timely (i. e., previous) application to the appellate court for an extension of the return day. And in such cases the motion to dismiss can be made at any time after the filing of the transcript. Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Whitney-Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co., 146 La. 572, 83 So. 834."

■ In the case of Wiggins v. Texas & New Orleans R. R. Co., 17 La. App. 31, 135 So. 265, this court, in passing on a motion to dismiss the appeal on the ground of delay in filing the record after the return day, held that the rule which required the appellant to have the transcript filed in the Supreme Court on the return day applies to the filing of the original record in this court, under section 27 of article 7 of the Constitution of 1921, which provides that: "The rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable."

In the proper enforcement of our rule we find ourselves obliged to overrule the motion to remand the case and to sustain the motion to dismiss the appeal.

Let the appeal herein be dismissed at appellant's costs.