VINYARD v. STASSI (REGGIO, Intervener).
STATE ex rel. STASSI v. TYCER, District
Judge.
No. 1256.

Court of Appeal of Louisiana. First Circuit.
Jan. 22, 1934.

B. M. Harvard, of Hammond, for applicant.

Rownd & Warner, of Hammond, for respondent Reggio.

ELLIOTT, Judge.

The state of Louisiana, upon the relation of Charles Stassi, appellant in the above-numbered and entitled suit, prays for writs of mandamus and prohibition to N. B. Tycer, judge of the Twenty-First judicial district of Louisiana, Felix Reggio, intervener-appellee, and F. M. Edwards, sheriff of the parish of Tangipahoa, forbidding them, said judge, said Reggio, and said sheriff from attempting to execute or allow the execution of the judgment appealed from to this court in the above-mentioned suit, and for a stay of proceedings in regard thereto until the right to execute can be inquired into and determined.

Relator alleges that the attempted execution violates, and if permitted will defeat, his said appeal. He alleges that a final judgment was rendered and signed in favor of Reggio against him on April 27, 1933, in the sum of $293.35, exclusive of interest and costs. That within 10 days from the time judgment was signed, he applied for and was

162

granted a suspensive and devolutive appeal therefrom to this court upon giving bond as required by law. That a suspensive appeal bond was duly and timely filed, and that, notwithstanding the jurisdiction of this court had attached, N. P. Vernon, clerk of the district court in and for the parish of Tangipahoa, acting at the instance of said Reggio on July 14, 1933, instead of preparing a transcript of the proceedings and causing the record to be filed in this court, issued a writ of fieri facias on said judgment, and delivered same to the sheriff. That F. M. Edwards, sheriff, upon receiving same, seized and advertised relator's property for sale for the purpose of paying said judgment.

That by means of a rule instituted July 27, 1933, he sought to have the execution quashed and set aside, but the said judge dismissed the rule and denied him relief, leaving Reggio free to proceed with the execution, and that he was therefore compelled to seek relief from this court.

Alternative writs issued as prayed for, commanding the said judge, said Reggio, and said sheriff to show cause why said writs should not be made peremptory, and proceedings looking to the execution of said judgment were at the same time stayed until the matter could be acted on.

The judge, the sheriff, and Felix Reggio accepted service of the petition and order, but no cause has been shown by either of them why the writs should not be made peremptory. Briefs supporting the right to execute the judgment have been filed in behalf of Reggio, but no other showing has been made.

■ The record does not contain Reggio's petition of intervention, the writ of fieri facias, nor the note of testimony taken on the trial of the rule, if any was made, but it is sufficient to enable us to act on the mandamus and prohibition prayed for. Reggio filed an exception of no right or cause of action to the rule, but it was not acted on by the lower court and is not mentioned in his brief, so we look on the exception as abandoned.

■ We find that the last day of April and the 7th of May were Sundays. As Sundays are not counted in the 10 days' delay for taking a suspensive appeal, the suspensive appeal bond was timely filed.

The position of Reggio is well stated in his answer to the rule, which Stassi sued out to quash the execution. He admits in his said answer that relator's suspensive appeal bond was timely filed; that he (Reggio) caused the clerk of court to issue a writ of fieri facias on the judgment; that Stassi sought to have it quashed, and the judge refused to interfere.

He further avers:

"Further answering plaintiff's rule your respondent shows, that under date of April 30th, 1933, the plaintiff in rule, Charles Stassi, secured an order of this Hon. Court which purports to be an order of appeal, but that no return date was fixed in this order and said order of appeal was therefore defective.

"That appeals returnable to the Court of Appeal, 1st. Circuit of La. under the law of this state must be made returnable in not less than 15 days nor more than 60, and that plaintiff in rule, Charles Stassi, failed to have his transcript of appeal lodged in the Court of Appeal within 60 days, and that he failed to pay the appeal fee of $5.00 within in the 60 days, and that Norman P. Vernon, Clerk of Court, was therefore without authority to prepare and file the same with the Court of Appeal, as said Chas Stassi had not complied with all the requisites of the law.

"That the action of said Chas Stassi in failing to secure a proper order of appeal or to file his transcript of appeal within the time prescribed by law and his failure to pay the necessary filing fee for the appeal within the proper time has caused him to lose his right of appeal; and that the judgment rendered by this court under date of April 26th., 1933, is therefore final and no appeal has been taken therefrom.

"That all errors that were made by Chas Stassi in attempting to perfect his said appeal were made only by Chas Stassi and the defects cannot be charged to this Hon. Court or to Norman P. Vernon, Clerk of Court, and the said Chas Stassi has therefore lost his right of appeal."

The judge a quo in his reasons for refusing to quash the execution says that the attorney for Stassi argued that he (the judge) had authority to quash the writ, but had no right to say whether or not the appeal had been lodged in the Court of Appeal. He recognized that an order of appeal had been granted and a suspensive appeal bond timely filed, but found that the record had not been lodged in the Court of Appeal. He held that the entire record was still in the clerk's office and was used for the purpose of the trial of the rule.

He further says that the transcript of appeal was not filed with the clerk of the Court of Appeal within 60 days after the date of the order granting the appeal, and that the $5 advance fee for the cost of the appeal had not been deposited within 60 days from the date of the order. That the appellee, availing himself of the provisions of the law, instructed the clerk of court to issue a writ of fieri facias, and that Stassi sought to have it quashed.

He further says: "For the above reasons, the Court, being of the opinion, that it

is without jurisdiction to pass on the question of whether or not the appeal was properly lodged in the Court of Appeal and therefore, being unable to determine this question, the Court is also unable to determine whether or not the writ of fieri facias was properly issued, and for the further reason that article 883 [Code Prac.] has not been complied with and that under article 884 the proper remedy is to issue an execution on the judgment."

He dismissed the rule, leaving Reggio free to pursue the execution of the judgment. The statement of the judge in acting on the rule that the record was still in the office of the clerk of the district court is correct. He has reference to August 5, 1933, at which time the rule was being heard. At that time the record had not been filed in this court. The filing mark on it shows that it was filed in this court September 14, 1933, which was more than a month thereafter.

The record shows that the judgment from which the appeal herein was taken was rendered and signed on April 27, 1933. On April 29, 1933, relator petitioned for a suspensive and devolutive appeal, and the order granting same was signed on April 30, 1933. A suspensive appeal bond was timely filed. The order was no doubt prepared by the attorney for Stassi and presented to the judge for his signature, and the judge, after inserting in it the amount required for a devolutive appeal, signed it as prepared by the attorney for Stassi.

The order reads as follows: "Let the petitioner be and he is hereby granted both a suspensive and devolutive appeal, as prayed for in the foregoing petition, returnable to the Court of Appeal, First Circuit of Louisiana, on the first Wednesday in December, 1933, suspensive upon petitioner furnishing bond, with good and solvent security, according to law and devolutive upon his furnishing bond with good and solvent surety in the sum of $75.00 and let a copy of this petition and order with a citation of appeal be served upon Felix Reggio, intervenor, according to law." This order was signed by the judge.

Act No. 92 of 1900 and Act No. 106 of 1908 make it the duty of the judge to fix the return day within a certain period of time. Act No. 106 of 1908 reads as follows: "The Judges of all the courts throughout the State shall fix the return days in all cases * * * appealable to the Supreme Court, provided, that the Judge shall fix the return day in the order granting the appeal which shall not be less than fifteen nor more than sixty days from the date of the order, except by consent of parties."

Courts of Appeal are not mentioned in these acts, but under the provisions of article 7, § 27, of the Constitution of 1921, the acts will be held to appertain to appeals to the Courts of Appeal, there being no enactments providing otherwise.

As already stated, the order of appeal bears date April 30, 1933, but the record was not filed in this court until September 14, 1933, which was 3 months and 14 days after the expiration of the 60-day period provided for in the act, and the first Wednesday in December, 1933, was 6 months and more in advance of the time when it should have been fixed. We assume, in the absence of any showing to the contrary, that the $5, advance cost of appeal, was deposited at the time the record was filed and not before. The record shows that, within 10 days from the time the appeal was granted, Reggio, appellee, was cited to answer the appeal on the first Wednesday in December, the day named in the order.

Reggio contends that the order, fixing a return day as was done other than within the period provided for by law, was null and void and in effect no return day, and that, as the order was prepared by Stassi's attorney, the fault in the matter was the fault of Stassi. The lower court in acting on the motion to quash held in effect that the delay was the fault of Stassi and constituted an abandonment on the appeal. But the order fixing the return day was the order of the court, and we find that, under our law and jurisprudence, the position of the court and of Reggio in the matter is not well taken.

In Chaffe & Sons v. Heyner, 31 La. Ann. 594, the court said in acting on a motion to dismiss: "It is alleged however here that the defect is imputable to the appellant, because the motion is written by his attorney and the day is fixed therein, and the judge merely adopted the day thus fixed. An order of court, whether written by the attorney of one of the litigants or by the clerk, is the act of the judge. In the country parishes, the habit of lawyers is to write the judgments for the judge who signs them, and such judgments thus signed are no more the acts of the attorney than is an order of appeal, such as that made in this case, and which is written by the attorney, as is the habit of practitioners here. It was the judge who made the order of appeal, and who named an improper day for its return, and the appellant cannot be prejudiced by his act."

Pearce et al. v. State ex rel. District Attorney et al., 49 La. Ann. 643, 21 So. 737, 738, is a case similar to the present. In that case a return day was fixed different from the one fixed by the law. The opinion cites and reviews previous decisions in which it had been held that an error as to the return day, made by the attorney in preparing an order of appeal, the attorney then presenting the order as prepared by himself to the judge and obtaining his signature thereto, was the error of the appellant and justified the

dismissal of the appeal, but the court, citing Chaffe & Sons v. Heyner, 31 La. Ann. 594, and State v. Dellwood, 33 La. Ann. 1229, used the following language: "There is a diversity of views expressed in the different decisions upon the subject. There were dissents, which necessarily lessen the certainty of decisions as authority. Under the circumstances, we feel at liberty to consider the question as res nova. The judge, in signing the order, was exercising one of the judicial functions with which he is intrusted. It is the judge who fixes the date. It was his act, and not the act of the counsel, by whom the motion was made or the petition for an appeal presented. We cannot take it for granted that he was misled by counsel, and that he intended to issue another order, and fix another date, different from the date fixed. Whatever antagonism there may be between the law and the act is the act of the judge. The error committed is his error until it conclusively appears that it was caused by the appellant. The order of appeal is one removed from the appellant. The order was that of the judge, uninfluenced, in so far as we know, by the petition or the order which was presented to him for his signature. There is, in our view, substantially no difference between a motion with an order fixing the return day and a petition with an order fixing a return day. In each, on the face of the papers, non constat that it is not the order of the judge or that he was misled." See, also, State ex rel. Hoey & O'Connor v. Brown, 29 La. Ann. 861.

Later cases hold that, although the order of appeal may have been prepared by the attorney for the appellant and fixed a longer or shorter time for the return of the appeal than that fixed by statutes on the subject, the error is that of the court and not of the appellant and is not a good ground for dismissing an appeal, if an appeal bond was filed before the expiration of the time within which the appeal under the law should have been made returnable. Hodge v. Mercantile Co., 105 La. 668, 30 So. 142; Jackson v. Mixon, 110 La. 581, 34 So. 695; Orleans & J. Ry. Co. v. International Construction Co., 113 La. 409, 37 So. 10; Lazarus v. Friedrichs, 125 La. 619, 51 So. 663; Allen v. Henley, 130 La. 861, 58 So. 688; Wilder v. Jackson, 150 La. 864, 91 So. 245; Hannagriff v. King, 11 La. App. 467, 123 So. 391.

If it is not a ground for dismissal and it is not a ground for abandonment, so in this case the error in fixing the return day beyond the time provided for by the law must be imputed to the court and not to the appellant.

Appellee urges that it was the duty of the appellant to file the record with the Court of Appeal within the time fixed by law, that is, in not less than 15 nor more than 60 days from the date of the order granting the appeal.

A couple of years or so ago, our regular time under our rules for hearing appeals at Amite was the first Wednesday in December, which was the day fixed in this order, but under our recent rule the clerk of this court fixes the date for holding our terms at the various returning points. We have so far, as a rule, continued to convene at the returning points close to the customary time, and on the first Wednesday in December, 1933, we convened at Amite as usual. Our recent rule also divides the $5, required as security for cost, so that $1 of the amount is paid to the clerk of the district court and $4 to the clerk of the Court of Appeal, and the appellant pays the $1 to the clerk of the district court and transmits the record and $4 to the clerk of this court at Baton Rouge.

As heretofore stated, Act No. 106 of 1908 makes it the duty of the judge of the district court to fix the return days, except by consent of parties, and Act No. 32 of 1910, acting on the subject of filing the records in the Courts of Appeal in cases in which appeals have been taken to these courts, makes it the duty of the clerks of the district courts, parish of Orleans excepted, whenever the advance cost for the appeal has been paid, to transmit the record to the clerk of the Court of Appeal, together with the cost.

Act No. 89 of 1914 is a special statute and applies to the First Circuit. This act makes it the duty of clerks of the district courts throughout the circuit to transmit the records of cases, appealed to the Court of Appeal, to the clerk of the district court at Baton Rouge, together with part of the $5. This court, since the passage of the act last mentioned, has been provided with a clerk of its own. Since then the records are transmitted to the clerk of this court at Baton Rouge, but that part of the act, which requires transmission of the record and the cost by the clerk of the district court to the clerk of the court at Baton Rouge, is still the law. Consequently, under the law it is the duty of the clerk of the district court of the parish from which the appeal is taken to transmit the record to the clerk of the Court of Appeal at Baton Rouge, together with the cost, and the appellant is not charged with the duty. Our rule on the subject must yield to the law of the state.

We differentiate the situation in the present case from Whitney Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co., 146 La. 572, 83 So. 834; Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Jacobs et al. v. Weaver & Rivers et al., 167 La. 59, 118 So. 692; and Weber v. Kemp et al. (La. App.) 148 So. 279, in which appeals were looked on as abandoned because the record was not filed on the return day nor within 3 days thereafter, for the reason in the present case the return day was fixed in the order of the court long anterior to the

day on which the record was filed in this court.

■ Appellee urges that the record should have been filed with the clerk of the Court of Appeal within 60 days; that it was not done; that the $5 required to be advanced as security for cost was not deposited within the 60 days, and that such failure constituted an abandonment of the appeal, with the resulting right in the appellee to execute the judgment. As we have heretofore said, the error in fixing the return day was the error of the judge and not of the appellant, and the authorities cited on the subject apply to this contention. It was held in cases cited that the error of the judge in the order of appeal in fixing a longer time than that fixed by the law does not prevent appellate jurisdiction attaching, when as in this case a suspensive appeal bond was filed within 10 days from the time the judgment was signed and the appellee cited to answer the appeal within 10 days from the time the judgment was signed. It is true the $5 advanced as security for the cost of appeal was not deposited until September 14, 1933; still that was a couple of months or more before the return day as fixed by the court, and to hold that the delay in that respect constituted an abandonment would be placing the fault for the delay on the appellant, when the law and jurisprudence places it on the judge. The Code of Practice, art. 898, and Revised Statutes of 1870, § 36, provide that no appeal shall be dismissed on account of error in the order of appeal, unless it appears that such error is imputable to the appellant, and, as previously stated, the error in this case must under the law and jurisprudence be imputed to the judge and not to the appellant.

In addition to the law and jurisprudence cited, Act No. 45 of 1870 (Ex. Sess.) § 4, provides: "If the Supreme Court shall not be in session on the day fixed for the return day of any case, it shall be sufficient for the appellant to file the record within 3 judicial days at the first session of the Supreme Court thereafter." Section 11: "No appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity in the * * * order of appeal or because the appeal was not made returnable at the next term of the Supreme Court or on a proper day, whenever it shall not appear that such defect, error or irregularity may be imputed to the appellant or his attorney."

In Stockbridge v. Martin, 162 La. 602, 110 So. 828, we copy from the syllabus: "Supreme Court rule that appeal is abandoned by failure of appellant to file transcript in time held not applicable in Court of Appeal, notwithstanding Const. 1921, art. 7, § 27, providing that rules regulating appeals be applied to Court of Appeal as far as applicable, such court having provided method of record preparation by district court clerk, directing him to send original records to be filed with Court of Appeal by return day." The opinion contains other language which could be well cited in connection with the present appeal.

In Posner v. Southern Exhaust & Blow Pipe Co., 109 La. 658, 33 So. 641, the Supreme Court, acting on a motion to dismiss, based on the ground that the judge had fixed a time for the return of an appeal, which was longer than that fixed by the law, refused to dismiss the appeal.

Under the provisions of article 7, § 27, of the Constitution of 1921, articles 588, 589, 590, and 884 of the Code of Practice must, in the absence of any contrary enactment, be taken to apply to appeals taken to the Courts of Appeal. Article 589 provides that, in case the record has not been filed within the time provided for its return, the appellee may obtain a certificate from the clerk of the appellate court, declaring that the record has not been brought up, and, on the production of this certificate in the lower court, it shall award execution on the judgment, which then becomes irrevocable. In this case no certificate of the kind was obtained preliminary to the attempted execution herein. The execution attempted was not based on an award by the court. If the course provided by the Code of Practice on the subject had been pursued, that would be a different matter and as to which we express no opinion. It suffices for the present controversy to say that the course provided for was not pursued and the execution sued out was not previously awarded by the court.

■ It therefore is our conclusion that, although the law provides that appeals shall be returnable in not less than 15 nor more than 60 days from the date of the order, except by consent of parties, yet when, as in this case, a suspensive appeal bond has been filed within 10 days after the order was signed and the appellee duly cited within 10 days from the time the order was signed to answer the appeal on the day fixed in the order, the appellate jurisdiction of this court attached, and the judgment cannot be executed, the delay on the part of the clerk of the district court to file the record in this court and of the appellant to deposit the $5, required when taking an appeal, notwithstanding.

The law, Revised Statutes of 1870, § 1953, confers on district judges supervisory control over the clerk and sheriff of their courts. So we think, under the circumstances of this case, he should have, when called on by Stassi, stopped the execution and compelled obedience to the appeal that had been

granted. As he declined to interfere, unless we do so, the appeal will be defeated.

Believing that our order to the appellee, Reggio, and to the sheriff will be sufficient, we go no further, but reserve the right to do so should it become necessary.

For these reasons, it is ordered, adjudged, and decreed that the alternative writs of prohibition and mandamus issued herein to Felix Reggio, appellee, and F. M. Edwards, sheriff of the parish of Tangipahoa, be now made peremptory. The writ of fieri facias, issued at the instance of said Reggio in the execution of the judgment appealed from, and the seizure made by said sheriff thereunder, is annulled and quashed, and the property seized is released from said seizure. The said Felix Reggio, appellee, and F. M. Edwards, sheriff, are furthermore each prohibited and commanded to respect the suspensive appeal taken in this case and to not further interfere therewith until this court has acted on the appeal. Felix Reggio is to pay the cost occasioned by the said execution and resulting from these proceedings.