### SANDERS et al. v. WYATT et al.*

#### No. 1653.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

*For opinion denying rehearing, see 171 So. 431.

Fred G. Benton, of Baton Rouge, and E. S. Muse, of St. Francisville, for appellants.

Johnson & Kantrow, of Baton Rouge, for appellees.

OTT, Judge.

A final judgment was signed in this matter on July 23, 1936, dismissing the suit of the plaintiffs at their cost. On July 27, 1936, plaintiffs obtained an order of appeal to this court, made returnable on September 15, 1936. The record was not filed in this court until September 22, 1936, seven days after the return day. The defendant and appellee has filed a motion in this court to dismiss the appeal for failure to file the transcript on the return day, or within the three days of grace allowed for such filing.

Article 587 of the Code of Practice makes it the duty of the appellant to file the transcript in the appellate court on the return day. The Supreme Court has adopted and followed the rule that, where the transcript has not been filed on the return day, or within the three days of grace, and no extension of time for the filing of the appeal has been asked for and granted, the appellant will be conclusively presumed to have abandoned the appeal, and the appeal will be dismissed. Jacobs et al. v. Weaver & Rivers et al., 167 La. 59, 118 So. 692. In such a case, it is immaterial as to whose fault caused the delay in the filing, as the appellant is charged with the duty of having the transcript filed within the time, or, if the transcript for any reason cannot be filed in time, it is incumbent on the appellant to ask for and secure an extension of the time.

The rules of this, the First Circuit Court of Appeal, published in 11 La.App. at page 769, with reference to the filing and docketing of appeals in this court, provide, in paragraph 3, that the appellant shall cause the record to be filed within the time fixed for the return of the appeal. Under this rule, it is incumbent on the appellant to

see that the record is filed in this court on the return day, or within the three days of grace allowed by law, or, if for any reason the record cannot be filed within that time, it is the duty of the appellant to ask for and secure an extension of the return day. Wiggins v. Texas & N. O. R. Co., 17 La. App. 31, 135 So. 265; Weber v. Kemp (La. App.) 148 So. 279.

It is obvious that, if we apply the rules of this court as interpreted and applied in the above two cases, and if we follow the rules and practice of the Supreme Court on this point, there would be nothing for us to do in this case but dismiss the appeal, regardless of whose fault it was that the record was not filed in this court until seven days after the return day.

It is contended, however, by able counsel for appellants that failure to file the record in this court in time was not the fault of appellants or their counsel, and therefore the appeal should not be dismissed. His contention is that appellants filed their appeal bond and made the deposit for the cost of appeal with the clerk of the district court long before the return day; that the clerk did not file the appeal with the clerk of this court in time, for the reason that part of the record was lost.

It appears from the motion to dismiss and from affidavits filed in connection with the motion that, when the bond and deposit for the appeal were filed with the clerk of the lower court, all of the original record was missing; that there was then on file with the clerk of the district court the third supplemental petition of plaintiffs and order thereon, motion, rule, and order filed by defendants to dismiss the third supplemental petition, an exception and plea filed by plaintiffs to said rule and order thereon, together with three judgments from which the appeal was taken. The deputy clerk states in her affidavit that she notified one of the attorneys for plaintiffs when the appeal bond and deposit were filed that the record was not complete; that at another time, prior to the return day, she again notified the attorney that the record was not complete. The attorney, Mr. Fred G. Benton, Esq., states in his affidavit that the deputy clerk is incorrect in stating that she had notified him that part of the record was missing; that he made inquiry of this deputy as to the status of this appeal and was told by her that, in so far as the filing of the record was concerned before the return day, there was no need to worry, as it would be marked filed by the clerk of the Court of

Appeal as of August 4, 1936, the date on which the appeal bond was filed. The attorney further states in this affidavit that he had no knowledge of the fact that part of the record was missing until his attention was called to that fact by the clerk of the appellate court after the return date had expired; that he then immediately undertook to locate the record and found it in the possession of another attorney for plaintiffs who had withdrawn it from the district clerk's office and had, through oversight, neglected to return it; that he immediately had said record filed with the clerk of this court.

In the case of Stockbridge v. Martin, 162 La. 601, 110 So. 828, 829, it was held that where, under the rules of the Second Circuit, Court of Appeal, it was made the duty of the clerk of the district court to prepare and file the transcript in the appellate court, the appeal would not be dismissed because of the failure of the clerk to have the record filed in the Court of Appeal before the expiration of the return day. However, the only reason for not following the rule of the Supreme Court in that case was because the rules of that circuit of the Court of Appeal made it the duty of the clerk to file the record in the appellate court where the appellant had filed his bond and perfected his appeal.

The court said in that case:

"The Court of Appeal of the Second circuit adopted a rule providing the method of preparing the records by the clerks of the district court and directed that such original records, as made up, should be sent to the Court of Appeal, by the clerk of the district court, in time to be filed in that court on or before the return day.

"Under the above rule and the provision requiring cases to be tried on the original record as made up in the trial court, it is manifest that the rule which prevails in the Supreme Court with regard to the abandonment of appeal by failure of the appellant to file the transcript in time is not applicable and should not be enforced against an appellant in an appeal to the Court of Appeal, where the clerk of the court fails to transmit the record to the Court of Appeal on or before the return day."

It is now recognized by our Brethren of the Second Circuit that a different rule prevails in that court for the dismissal of an appeal for failure to file the record on the return day than prevails in the Supreme Court and in this, the First Circuit, viz.,

in the Second Circuit, under its rules, the appeal will not be dismissed, unless the failure to file the transcript in time is imputable to the fault of the appellant, or his attorney, whereas in the Supreme Court, as well as in this court of the First Circuit, under its rules, an appeal will be dismissed in any event where the transcript is not filed in the appellate court on the return day, or within the three days of grace, unless an extension has been granted. Dorfer v. City of Natchitoches (La.App.) 160 So. 807; Danna v. Yazoo & M. V. R. Co. et al. (La.App.) 154 So. 365.

If, therefore, we are to adhere strictly to the rules of this court as they have been interpreted by us in the light of the decisions of the Supreme Court on the same question, we would be forced to hold that the duty rested on the appellants in this case to see that the record was filed in this court on the return day, or within the three days of grace, and if, for any reason, whether through his fault or not, the transcript could not be filed within that time, it was incumbent on the appellants to secure an extension of the return day.

It is not claimed that the rules of this court, making it incumbent on the appellant to see that the record is filed in this court on the return day, are not legal and valid rules. In fact, they merely follow the provisions of the Code of Practice in this respect. Article 7, section 27, of the Constitution of 1921, provides that the rules of practice regulating appeals and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal so far as they may be applicable. There can be no serious question that, under the rules and proceedings regulating appeals in the Supreme Court, the appeal in this case would have to be dismissed for failure to file the transcript on the return day and in the failure of appellant to secure an extension of the return day.

There is quite a difference in the situation where no part of the transcript has been filed on the return day, or within the three days of grace, and where an incomplete or defective transcript has been filed. In the former case, the appeal has never been lodged in the appellate court, but in the latter case the appeal has been filed but an incomplete or insufficient transcript has been brought up. In the latter case the appellant can avail himself of the provisions of article 898 of the Code of Practice and of Act No. 234 of 1932 to have the record

completed during which time his appeal is preserved. But in the former case, where no record at all is filed and where no extension for filing same has been granted, the appeal is dismissed. Gibson v. G. Dounson, Inc. et al. (La.App.) 147 So. 370.

We are not unmindful of the fact that appeals are favored in the law, and the right of appeal is a constitutional one. However, where legal and valid laws and rules are adopted regulating the manner of exercising that right of appeal, the courts, in order to preserve regularity and certainty in their proceedings, are bound to follow the rules and regulations governing such appeals.

For the reasons assigned, it is ordered that the appeal herein be dismissed, at appellants' cost.

Appeal dismissed.