### SANDERS et al. v. WYATT et al.

### No. 1653.

Court of Appeal of Louisiana. First Circuit.

Dec. 10, 1936.

For former opinion, see 170 So. 519.

Fred G. Benton, of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellee.

## PER CURIAM.

Learned counsel for appellants strenuously contends in the application for rehearing that the affidavit of the deputy clerk of the district court and the certificate of the clerk of this court show that, at the time the clerk of this court called at the office of the district clerk for the purpose of marking filed the appeals to this court as was his custom, there was then in possession of the district clerk that part of this record mentioned in our opinion; that the clerk of this court failed to mark this part of the record filed, which would have preserved the appeal and given appellants an opportunity to complete the record under the provisions of article 898 of the Code of Practice and Act 234 of 1932; that the appeal should be considered as filed on the date when the clerk of this court should have marked said documents filed which was before the expiration of the return day.

 If the failure of the clerk of this court to file that part of the record in the district clerk's office at the time and under the circumstances stated had been merely an oversight of the clerk of this court, there might be some merit in this contention. However, the facts show that it was not through oversight or inadvertence that this incomplete record was not received and marked filed by the clerk of this court, but it was because of the fact that the principal part of the record, including the original petition, was missing and could not be delivered to and filed by the clerk of this court. If a proper record had been delivered to the clerk of the appellate court for filing before the expiration of the return day, and by reason of some oversight on the part of the clerk the record was not actually marked filed, the appeal would be preserved. But that is not the situation here.

In our former opinion we adhered to the rules of this court making the appellant responsible for filing the transcript in this court on the return day, or within the three days of grace, and requiring him to secure an extension of the return date in order to save his appeal from dismissal on failure to file the transcript within said time. In doing so we also followed the rules and practice of the Supreme Court on the same subject, as well as the two cases decided by this court and cited in the opinion. Since these two decisions were rendered this court, in the case of Vinyard v. Stassi, Reggio Intervenor (La. App.) 152 So. 161, 164, in discussing the question as to whose duty it is to see that the transcript is filed in this court on the return day, made the following statement: "Consequently, under the law it is the duty of the clerk of the district court of the parish from which the appeal is taken to transmit the record to the clerk of the Court of Appeal at Baton Rouge, together with the cost, and the appellant is not charged with the duty. Our rule on the subject must yield to the law of the state."

It will be noted, however, that in this latter case reference was made to one of the cases cited and relied on in our former opinion, and that case was differentiated from the Vinyard-Stassi Case because in this latter case the appeal was filed within the erroneous return date fixed by the court. We therefore adhere to the ruling which was announced in the two cases of Weber v. Kemp et al. (La.App.) 148 So. 279, and Wiggins v. Texas & N. O. R. R. Co., 17 La.App. 31, 135 So. 265, cited in our opinion as a correct interpretation of the law and the rules of this court on the subject.

Conceding, however, for the sake of argument only, that it is the duty of the clerk of the district court to file the transcript in this court on the return day, we do not find that the result would be different in the present case. The clerk of the district court could not transmit and file a record in this court which he did not have in his possession, but which, at the time, was in possession of one of counsel for plaintiffs and appellants. It was through no fault of the clerk that the record was not filed in this court on time. We appreciate the fact that the attorney for plaintiffs who is now actively handling the case, Fred. G. Benton, Esq., is not responsible for the principal part of the record being out of the custody of the district clerk when the appeal should have been filed, yet the affidavit of another attorney for plaintiffs who filed the original petition, shows that he had withdrawn the first and original part of the record without leaving a receipt therefor in the office of the clerk, and, through oversight, he had failed to return the record.

For the reasons assigned, the application for rehearing is refused.