## MANSAUR v. ANDING.*
### No. 1657.

Court of Appeal of Louisiana. First Circuit.
Dec. 10, 1936.

Mouton & Davidson, of Lafayette, and A. H. Garland, of Opelousas, for appellant.

W. C. Perrault, of Opelousas, for appellee.

*Rehearing granted Jan. 12, 1937.

DORE, Judge.

On June 23, 1936, the defendant-appellant filed a motion in this court, suggesting that, after the appeal was filed in this court, the record was withdrawn on the joint motion of counsel for appellant and counsel for appellee; that the record was lost or destroyed after its withdrawal, and cannot be located after diligent search, and responsibility for the loss of the record cannot be definitely fixed. She asks that this court remand the case to the district court to enable her to make up another record by reopening the case and rehearing the evidence in the lower court on the issues presented by the pleading; and that this court, in the exercise of its equity jurisdiction, stay all further proceedings in the trial court until the case is finally acted upon in that court. This motion was placed on the docket for hearing at Opelousas on November 4, 1936, at which time counsel for plaintiff-appellee filed a motion to dismiss the appeal for failure to file the transcript in this court on the return day, or within the three days of grace allowed for such filing. With full reservation of his rights under the motion to dismiss, the appellee filed an answer to the motion of appellant to remand the case, in which answer appellee admitted the loss of the record, but averred that the record was withdrawn on the motion of counsel for appellant, which motion was concurred in by counsel for appellee, and that the record was sent to counsel for appellant; that counsel for appellee is in no wise responsible for the loss of said record. The appellee objects to remanding the case for the purpose of retaking the testimony, and asks that, if his motion to dismiss the appeal is overruled, the case be remanded solely for the purpose of taking testimony on the facts and circumstances attending the loss of the record with the view of fixing the responsibility for the loss.

We have, therefore, before us three motions and requests for our consideration:

(1) Motion by appellant to remand the case to be tried over.

(2) Motion by appellee to dismiss the appeal.

(3) Motion by appellee, if motion to dismiss is overruled, to remand the case in order to take testimony for the purpose of fixing responsibility for the loss of the record.

We will first consider the motion to dismiss the appeal filed by appellee.

Appellee has filed with his motion to dismiss the appeal certified extracts of the minutes of the trial court pertaining to this case. From these minutes it appears that an order of appeal, suspensive and devolutive, was granted the defendant on March 13, 1934, in which order the appeal was made returnable to this court on May 10, 1934. From a certificate of the clerk of the trial court annexed to the motion to dismiss, it appears that the record in the case was sent to the clerk of this court by the district clerk on March 7, 1935, almost ten months after the return date of the appeal. From another certificate of the clerk of the district court annexed to the motion to dismiss, the deposit fee of $5 required for taking an appeal was not deposited with the clerk of the district court until February 21, 1935, more than nine months after the return day. In the absence of the original record showing the filing date in this court, we have the right to consider these facts as shown from the minutes of the trial court and from the certificate of the clerk of that court.

Under the rules of this court it is the duty of the appellant to see that the transcript is filed on the return day, or within the three days of grace; and, in order to save the appeal from dismissal for failure to file it within that time, it is incumbent on the appellant to secure an extension of the return day. See Wiggins v. Texas & N. O. R. R. Co., 17 La.App. 31, 135 So. 265; Weber v. Kemp (La.App.) 148 So. 279; Maggie Carey Sanders et al. v. Sarah Wyatt, et al. (La.App.) 170 So. 519 (decided Nov. 7, 1936, not yet reported [in State Report]). This is the same rule that applies in the Supreme Court. Jacobs et al. v. Weaver & Rivers et al., 167 La. 59, 118 So. 692.

It is not contended by appellant that there was any application made by her for an extension of the return day. In the absence of the record, we may therefore safely assume that no such extension was granted. If we are to adhere to our rules and our three previous decisions on this point, there remains nothing else for us to do but dismiss the appeal for failure to file the transcript on the return day, or within the grace period.

Even though we should follow the rules and practice of our brethren of the Second Circuit and hold that the responsibility for filing the transcript in the Court of Appeal on the return day rests with the clerk of the district court who has the custody of the original record, yet, as the appellant did not make the necessary deposit within time to enable the clerk to file the record in this court on the return day, the fault would have to be imputed to the appellant, and the appeal dismissed. See Danna v. Yazoo & M. V. R. R. Co. et al. (La.App.) 154 So. 365.

While the statement made in the opinion by this court in the recent case of Vinyard v. Stassi, Reggio, Intervener (La.App.) 152 So. 161, might give rise to some doubt as to whose responsibility it is to see that the transcript is filed in this court on the return day, yet there is nothing in that case that would relieve the appellant of the responsibility of making the deposit necessary for the filing of the appeal in this court before the return day. Again, assuming that it was the duty of the clerk of the district court to file the record in this court on the return day, May 10, 1934, he could not have done so, for the reason that the filing fee necessary for that purpose was not made by the appellant until more than nine months after the return day. The failure to file the transcript in time must therefore be imputed to the appellant, and the appeal dismissed.

For these reasons, the appeal herein taken is hereby dismissed.