LAND, Jfustice.
 

 Plaintiffs appealed to Court of Appeal, First Circuit, from a judgment of the district court for the parish of East Baton Rouge, dismissing their suit.
 

 The Court of Appeal sustained á motion to dismiss plaintiffs’ appeal, on the theory that the transcript was .not filed within the return day. This case is now before this court on a writ of review herein granted.
 

 In its original decree the Court of Appeals found as follows (170 So. 519) : “A final judgment was signed in this matter on July 23, 1936, dismissing the suit of the plaintiffs at their cost. On July 27, 1936, plaintiffs obtained an order of appeal to this court, made returnable on September 15, 1936. The record was not filed in this court until September 22, 1936, seven days after the return day. The' defendant and appellee has filed a motion in this court to dismiss the appeal for failure to file the transcript on the return day, or within the three days of grace allowed for such filing.”
 

 The statement that the record was not filed until September 22, 1936, or seven days after the return date, is not correct, as is, in effect; admitted by the Court of Appeals in the per curiam subsequently rendered, in which the court said in part (171 So. 431, 432): “Learned counsel for appellants strenuously contends in the application for rehearing that the affidavit of the deputy clerk of the district court and the certificate of the clerk of this court show that, at the time the clerk .of this court called at the office of the district clerk for the purpose of marking filed the appeals to this court as was his custom,, there was then in possession of the district clerk that part of this record mentioned in our opinion;
 
 that the clerk of this court failed to mark this part of the record filed,
 
 which would have preserved the appeal and given ajppellants an opportunity to complete the record under the provisions of article 898 of the Code of Practice and Act No. 234 of 1932; that the appeal should be considered
 
 as filed on the'date when the clerk of this court should have marked said documents filed which was before the expiration of the return day"
 
 (Italics ours.)
 

 The affidavits signed by the deputy clerk of the district court and by Mr. Karl Leche, clerk of the Court of Appeal, are to-
 
 *83
 
 the effect that it was his custom in respect to appeals taken from decisions rendered in the district court at Baton Rouge for him to go to the clerk’s office, and there to receive the records in the cases appealed, and to mark the same filed, and that he did this frequently before the records were actually transmitted to his office at the State Capitol building. These affidavits show that Mr. Karl Leche, clerk of the Court of Appeal, actually did call at the office of the district clerk,
 
 long before the expiration of the return date,
 
 and that, as' specifically found by the Court of Appeals in its per curiam decree rendered herein (170 So. 519, 520), there was then “on file with the clerk of the district court the third supplemental petition of plaintiffs and order thereon, motion, rule, and order filed by defendants to dismiss the third supplemental petition, and exception and plea filed by plaintiffs to said rule and order thereon, together with three judgments from which the appeal was taken.” There was also, as found by the Court of Appeal in its per curiam decree, then on file with the clerk the appeal bond, and the appeal deposit.
 

 All of these papers and documents
 
 were' delivered, to
 
 Mr. Karl Leche, clerk of the Court of Appeal, along with the other records presented to him at that time,
 
 for the purpose of filing,
 
 and he received these documents but did not mark same filed for the reason that the original part of the record was missing.
 

 In short, an
 
 incomplete record
 
 was actually delivered for the purpose of filing to the clerk of the Court of Appeal
 
 long before the expiration of the return day.
 

 It is well settled, as stated in the opinion of the Court of Appeal, that (170 So. 519, 521) : “There is quite a difference in the situation where no part of the transcript has been filed on the return day, or within the three days of grace, and where
 
 an incomplete or defective tra-nscript
 
 has been filed. In the former case, the appeal has never been lodged in thq appellate court, but in the latter case the appeal has been filed but an incomplete or insufficient transcript has been brought up. In the latter case the appellant can avail himself of the provisions of article 898 of the Code of Practice and of Act No. 234 of 1932 to-have the record completed during which time his appeal is preserved. But in the former case, where no record at all is filed and where no extension for filing same has been granted, the appeal is dismissed. Gibson v. G. Dounson, Inc. et al. (La. App.) 147 So. 370.” (Italics ours.)
 

 It is provided in Act No. 234 of 1932, § 1: “That whenever an appellant files an incomplete transcript * * * no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied.”
 

 
 *85
 
 As it is not within the power of an appellate court, whenever an appellant files an incomplete transcript, to dismiss an appeal, “unless it
 
 first
 
 allow the appellant at least two additional days” to cure and correct any and all of the informalities and irregularities complained of in the ■motion to dismiss, it necessarily follows that it is not within the discretion of the clerk of the Court of Appeal, First Circuit, to refuse to file an incomplete transcript when delivered to him before the return •day by the clerk of the district court; and, under such circumstances, the transcript, though incomplete, must be considered by 'this court as timely filed. To hold otherwise would render nugatory the provisions •of Act No. 234 of 1932.
 

 'In Stockbridge v. Martin, 162 La. 601, at pages 605, 606, 110 So. 828, 829, it is said by this court: “It has been the uniform ruling of this court, in cases appealed to this court, to dismiss the appeal when the transcript has not been filed within the delay provided, and no extension-has been applied for nor granted by this court.
 

 “Article 7, § 27, Constitution of 1921, provides that the • rules of practice regulating appeals and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal so far as they may be applicable, and.it [is] further provided that all cases on appeal to the Courts of Appeal shall be tried on the original records, pleadings, and evidence.
 

 “The Court of Appeal of the Second •Circuit adopted a rule providing the method of preparing the records by the clerks of the district court and directed that such original records, as made up, should be sent to the Court of Appeal, by the clerk of the district court, in time to be filed in that court on or before the return day.
 

 “Under the above rule and the provision requiring cases to be tried on the original record as made up in the trial court, it is manifest that the rule which prevails in the Supreme Court, with regard to the abandonment of appeal by failure of the appellant to file the transcript in time is not applicable and should not be enforced against an appellant in an appeal to the Court of Appeal, where the clerk of the court fails to transmit the record to the Court of Appeal on or before the return day.
 

 “In appeals to the Supreme Court, the appellant has control over the transcript. The transcript is made up at his request and is paid for by him, and it is his duty to see that such transcript is filed in this court within the legal delay.
 

 “If he fails to do so, the presumption ;s conclusive against him that he has abandoned his appeal.
 

 “This cannot be true with respect to appeals to the Court of Appeal. The appellant has no control over the record.
 

 “That record is a part of the archives of the court and is under the control of the clerk until delivered to the clerk of the Court of Appeal. The duty of filing the record with the Court of Appeal 'is imposed upon the clerk of the district court and not upon the appellant, and the failure of the clerk to perform that duty cannot be imputed to the appellant.”
 

 
 *87
 
 The whole of the record, essential to the purpose of this appeal, was timely filed in the Court of Appeal, First Circuit, even though a part of the original record was omitted. In any event, the appeal was perfected so as to negative any idea of abandonment, and appellants still had available to them the right to supplement the transcript by requiring that the omitted part be sent up to the Court of Appeal, either by certiorari or by having the case remanded for that purpose.
 

 It is therefore ordered that the judgment of the Court of Appeal, First Circuit, sustaining the motion to dismiss appellants’ appeal be reversed and set aside; that this case be remanded and reinstated on the docket of the Court of Appeal, First Circuit, and be proceeded with according to law; and that defendants pay the costs of this proceeding.
 

 O’NIELL, C. J., concurs in the result, but not in the doctrine of Stockbridge v, Martin, 162 La. 601, 110 So. 828, which is not pertinent to this case.
 

 PONDER, J., takes no part.