**MANSAUR v. ANDING.**

No. 1708.

Court of Appeal of Louisiana. First Circuit.

May 6, 1937.

For former opinion, see 171 So. 187.

Mouton & Davidson, of Lafayette, and A. H. Garland, of Opelousas, for appellant.

W. C. Perrault, of Opelousas, for appellee.

LE BLANC, Judge.

This matter is before us on rehearing on defendant appellant's motion to remand the case to the district court to be there tried over. This motion was met with a counter motion on behalf of the plaintiff appellee that the appeal be dismissed, and whilst he seriously objected to a remand of the case, he asked that if his motion to dismiss was overruled that the remand be restricted to the taking of testimony concerning the loss or disappearance of the transcript of appeal. The facts and circumstances leading to the status of the case at that time are fully set out in the opinion handed down on the original hearing on these motions and it is unnecessary that they be restated here. See Mansaur v. Anding (La.App.) 171 So. 187.

As shown by our original decree, the appellee's motion was sustained and the appeal dismissed. That decree was based on a certificate of the clerk of the district court annexed to the motion to dismiss, from which it appeared that the record in the case had been sent to the clerk of this court almost ten months after the return date of the appeal and that the deposit fee of $5 for filing the appeal had not been deposited with the clerk of the district court until more than nine months after the return day. We held that under the rules of this court and several of its decisions, the

duty of timely filing the transcript of appeal under pain of dismissal rested on the appellant, and that as the appellant in this case was at fault in failing to have filed the transcript in time or in not having obtained an extension, the appeal had to be dismissed.

On application for rehearing, counsel for appellant. questioned our right to have acted on the ex parte evidence furnished by the certificate of the clerk of the district court alone, in dismissing the appeal, and, by producing a check drawn by her attorneys on March 14, 1934, to the order of the clerk of the district court, to pay the fee required for filing of the transcript, which check had been duly indorsed and paid the following day, showed that the certificate of the said clerk was in error at least in one respect since he had stated in his certificate that the deposit of $5 had not been made until February 21, 1935. Our decision to grant the rehearing was influenced to a great extent by the discrepancy which appeared between the date mentioned in the certificate and the date of the check and to some extent also by the doubt which seems to have arisen concerning the validity or legality of the rule of this court which makes it the duty of the appellant to have the transcript of appeal brought up and filed on or before the return day or within the three days of grace allowed, unless an extension had been obtained. Regardless as to whose duty it is to see that the transcript is timely filed, it would be an utter impossibility for us. to attach the blame on any one in the condition in which this case is presently before the court. The only indisputable proof as to the filing date would appear from the filing mark of the clerk of court on the record itself, and this proof is not available for the reason that after it had been lodged in this. court it was withdrawn by consent of counsel of record at the time, has never been returned, 'and now seems to have been misplaced or lost.

Certain it is that the case cannot remain on the docket in the present condition. Unless the defendant has forfeited it in some way through her own fault or negligence, or that of her counsel, she should not be denied her constitutional right of appeal. On the other hand, if the plaintiff has just and legal grounds on which to have the appeal dismissed, the facts should be made known and the appeal dismissed to the end that the judgment rendered in his favor may become final and his rights thereunder enforced.

The important thing to bear in mind is the disappearance of the record and that this court has nothing whatever before it on which to entertain the appeal on the merits of the case should it ever reach that stage. It occurs to us that the first thing to do, therefore, is to have some attempt made to fix the responsibility for the loss of the record and then to ascertain, if possible, the precise date on which the fee for filing the record was deposited with the clerk of the district court, the date on which the appeal bond was furnished, and finally the day on which the transcript of appeal was lodged in this court. With these facts established we will be in a position to act definitely on the motions presently before the court.

It is therefore ordered that this case be remanded to the district court, the remand being restricted solely to the purpose of having whatever evidence may be available adduced in open court, on the disappearance or loss of the record after it had been withdrawn from this court by consent of counsel then of record, and also for the taking of testimony as to the date of payment of the advance deposit necessary for filing the transcript in the court, the day on which the appeal bond was furnished and also that on which the transcript was lodged in the appellate court, all of this to be done and returned to this court within thirty days from the date of this decree; otherwise the appeal to be considered as dismissed and our former judgment and decree reinstated and made final.