McBRIDE, Judge.
Two appeals were taken herein to the Supreme Court, one by the defendant and one by the intervenor, which appeals were transferred to this court under the provisions of Art. VII, § 30, of the Constitution as amended, LSA. Appellee moves in' this court to dismiss both appeals on the ground that the transcript of appeal was not timely filed in the Supreme Court. The extended return day for the defendant’s appeal was April 28, 1958, and the extended return day for the intervenor’s appeal was March 28, 1958. The transcript was not lodged until May 9, 1958.
The jurisprudence of the state is well settled to the effect that where an appellant effects his appeal and fails to file the transcript on or before the return date or within the three days of grace provided in Art. 883 of the late Code of Practice, he is conclusively presumed to have abandoned the appeal. This conclusive presumption can only be avoided by timely application for an extension of the return day. McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332; Aaron v. Mizer, 196 La. 481, 199 So. 398; Jacobs v. Weaver & Rivers, 167 La. 59, 118 So. 692; Gigand v. City of New Orleans, 52 La.Ann. 1259, 27 So. 794.
 However, it has been decided on several occasions that the presumption in favor of abandonment may be dispelled by the appellee’s doing of some affirmative act or acts which would amount to virtually joining in the appeal, thereby waiving his right to demand a dismissal of the appeal— this on the theory that appeals are favored and forfeitures abhorred.
Appellants have cited and rely on several cases so holding. In Campbell v. Deville, 163 La. 575, 112 So. 491, the appellee answered the appeal before filing her motion looking to its dismissal. It was held that by answering the appellee thus availed herself of the appeal and had effectively waived the right to have it dismissed. Lewis v. Burglass, 186 La. 36, 171 So. 564, is to the same effect. Appellant failed to file the transcript timely; the case was assigned for argument, but on the day it was called appellee’s attorney asked for and obtained a postponement. It was held the appeal would not be dismissed because the transcript was not filed in time as appellee had waived his right to demand dismissal. LaGraize v. Tracy, 211 La. 765, 30 So.2d 828, involved essentially the same situation. The transcript was not filed in time and approximately five months later the appellee filed a motion to include certain documents in the transcript. Subsequently he moved for a dismissal of the appeal on the ground that the transcript was not filed on time. The conclusion of the court was that by filing the motion to complete the transcript, ap-pellee acquiesced in the appeal.
There are other cases to the same effect not cited by appellants, among which is Farrow v. John R. Thompson Co., 18 La. App. 404, 135 So. 80, decided by this court, wherein the motion to dismiss the appeal because the transcript had been filed too late was held to have been waived by the appellee’s briefing and arguing the case and asking for its reopening for the purpose of reargument and admission of testimony omitted from the record.
The courts have held also that when the transcript is not timely filed, the motion to dismiss the appeal for abandonment can be made at any time after the filing of the transcript. Jacobs v. Weaver, supra; Hudson v. Garrett, 47 La.Ann. 1534, 18 So. 510; Collins Piano Co., Inc. v. Cospelich, 7 La.App. 277; O’Reilly Engineering Co., Inc. v. Buckner, 5 La.App. 661.
*703 It has also been decided that the court must ex-officio notice the tardiness in the filing of the transcript and dismiss the appeal ex proprio motu. Collins Piano Co., Inc. v. Cospelich, supra, and O’Reilly Engineering Co., Inc. v. Buckner, supra.
In Gigand v. City of New Orleans, supra, the appellant complained of the action of the court in having on its own motion dismissed his appeal for failure to file the transcript within the legal delays. The Court said [52 La.Ann. 1259, 27 So. 795]:
“ * * * It is undoubtedly true that this court has recognized the doctrine of waiver in respect to dismissals of appeals, in a proper class of cases. One of such cases is cited by appellant, where the appellee has moved to dismiss after praying for an amendment of judgment. In all such cases the parties were before the court. In the present instance the city of New Orleans is not before us, and never has been, and has, therefore, done nothing upon which a waiver could be made to rest. Had it made an appearance and taken action of any kind inconsistent with a dismissal, appellant’s contention would have a force which it utterly fails to have under actual conditions. In one of the cases cited by the appellant (Moriere v. Robinson, 20 La.Ann. 229) we said, ‘The appellee is not bound after three days to know that the transcript has been filed unless the return day is extended;’ and the same idea is repeated in Coudroy v. Pecot, 51 La.Ann. [495] 496, 25 So. [270] 271, where we said: ‘If the appeal was abandoned, as we hold it was, the effect was self-acting., needing no order of court to make it operative. * * *" (Italics ours.)
 When the appellants in the instant case did not file the record within the legal delays, there arose the conclusive presumption that there was an abandonment of the appeals. We can find no act of the appellee which could be construed as an acquiescence in the appeals or a waiver of the right to have them dismissed. As stated in Gigand v. City of New Orleans the “city of New Orleans is not before us.” It is argued on behalf of appellants that the fact that appellee did not file its motion to dismiss until more than two years after the transcript was lodged, after having permitted without objection the transfer of the appeals to this court, constituted an acquiescence in the appeal and a waiver of the right to demand dismissal. Appellants also point to the fact of their having filed briefs in this court as demonstrating there was no abandonment on their part. It occurs to us that under the jurisprudence above set forth, in order to constitute a waiver of the right to have the appeal dismissed the action of appellee must consist of some inconsistent affirmative act or conduct indicating-he has joined or acquiesced in the appeal. In the instant case all that appellee was guilty of before filing the motion to dismiss is silence and in action which we are sure cannot be said to amount to an inconsistency or a waiver of rights.
It is also contended strenuously by appellants that Art. 2161 of the newly-adopted Code of Civil Procedure serves to maintain their appeals, said article providing that no appeal shall be dismissed because of any irregularity, error or defect imputable to appellant unless a motion to dismiss is filed within three days, exclusive of holidays, of .the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later. Appellants’ position is that the Code of Civil Procedure contains the prevailing procedural law of the state, adjective in nature, and that the provisions of the mentioned article are retroactive and must sustain the appeals because the motion to dismiss was not filed within the three-day term set forth therein.
It is unnecessary to decide whether the provisions of said article of the Code of Civil Procedure are adjective or substantive. When the appeals in the present instance *704 were not filed on or before the return days, they became extinct and could have been dismissed by the Supreme Court even in the absence of a motion from the appellee. We do not think that the subsequent enactment of the Code of Civil Procedure had the quality of breathing life into proceedings which, in legal contemplation, are dead.
The motion to dismiss is granted and the appeals herein are dismissed.
Appeals dismissed.