## SANDERS et al. v. WYATT et al.

### No. 1734.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1937.

Fred G. Benton and R. F. Walker, both of Baton Rouge, and E. S. Muse, of St. Francisville, for appellants.

Johnson & Kantrow, of Baton Rouge, for appellees.

Le BLANC, Judge.

Plaintiffs, as the heirs of Fred Carey, their father, instituted this suit against Miss Sarah Wyatt and the Hartford Accident & Indemnity Company, for damages resulting in the death of their said father when he was struck by an automobile driven by Miss Wyatt, upon allegations that the said automobile negligently driven by her at the time belonged to Miss Wyatt and was insured by the Hartford Accident and Indemnity Company.

In answer to this original petition, the defendant insurance company filed an exception to the jurisdiction of the court and together with Miss Wyatt a joint exception of no right or cause of action. Miss Wyatt also filed a plea of minority. The plea to the jurisdiction of the court filed on behalf of the insurance company and the exception of no cause or right of action filed jointly by both defendants were both overruled. The plea of minority filed on behalf of Miss Sarah Wyatt was sustained and the suit dismissed as to her. The matter complained of in the exception of vagueness was cleared up by a supplemental petition, and thereupon the insurance company filed its answer in which it denied practically each and every allegation of the petition of the plaintiffs and averred specifically that the accident and injury to the decedent, Fred Carey, was due solely to his gross negligence in running across the street, directly in the path of the car driven by Miss Wyatt. Whilst it denies any negligence on the part of Miss Wyatt at all, this defendant pleads that even though she had been guilty of any, the plaintiffs are barred from recovery because of the contributory negligence of their deceased father, in the manner before set out.

Plaintiffs then filed a second supplemental petition in which they showed that since her dismissal from the suit, Miss Sarah Wyatt

had become an emancipated minor by marriage and was therefore properly a defendant in the suit, and in which they also alleged that at the time of the accident, the automobile which was being driven by her belonged to her father, H. L. Wyatt. They allege further that the automobile was insured by the defendant insurance company against public liability for damages of the nature asserted in this suit, and which insurance covered not only the insured in the policy but likewise extended full protection to any member of his household and therefore it covered his daughter who was driving it at the time, as she was then residing at home with her parents in the parish of East Baton Rouge. Plaintiffs asked for citation and service of this supplemental petition on the insurance company, on H. L. Wyatt, and on Mrs. Sarah Wyatt Smith, and prayed for judgment against each of the said defendants in solido in the full amount as demanded.

Each of the defendants met this supplemental petition with a motion to have the order permitting the filing thereof rescinded and recalled and the petition itself stricken from the record on the ground that the issues had been made by the answer to the petitions heretofore filed and on the cause of action therein set out; that on motion of the plaintiffs themselves the trial of the issues as thus made had been continued, and that finally this new petition presented a change of issues and was to make new parties defendant in the suit. A plea of prescription of one year against the action was also filed on behalf of each defendant.

The court issued a rule as prayed for in the motion thus presented and made the same returnable in due time. Before this motion was passed on, however, plaintiffs again appeared in court with another supplemental petition in which they voluntarily dismissed Mrs. Sarah Wyatt Smith and her father, H. L. Wyatt, from the suit, and then, setting out in detail that it was through no fault of theirs but because of the misrepresentations made to them by Miss Wyatt and the agents of the insurance company that they had improperly stated the ownership and insurance coverage of the automobile involved in the accident, in their original pleadings, they now allege specifically that the same was owned by H. L. Wyatt, father of Miss Sarah Wyatt, but was being driven at the time of the accident by her with his consent, and that she was an additional insured under the terms of the insurance poli-

cy issued on the same by the present defendant insurance company. Otherwise, this supplemental petition is virtually a reiteration, with some elaboration, of the allegations of the original petition. Plaintiffs pray for an order permitting the filing of the same and for citation and judgment against the insurance company as the sole defendant in the suit.

After one of the judges of the district court had granted an order permitting the filing of the supplemental petition, the defendant insurance company answered the same with another motion to have this order recalled and the petition stricken from the record on the ground that it altered the substance of the plaintiff's demand by making it different from the one originally sought, and changed the issues in the case. In addition, it was urged that plaintiffs were guilty of laches. A plea of prescription was also filed by the defendant.

The same district judge who had granted the order giving plaintiffs leave to file this last supplemental petition issued a rule nisi as prayed for in defendant's motion. The rule was heard by him but, as we understand, was never decided, and was then submitted to another judge of the same court. The rule was made peremptory and judgment rendered sustaining the motion to recall the order and striking the supplemental petition from the record. Plaintiffs then offered to prove up their case but an objection to testimony was sustained in view of the status of the record, and an appeal was then taken to this court.

There was a motion to dismiss the appeal, which was sustained (see Sanders et al. v. Wyatt et al., 170 So. 519), but on review in the Supreme Court the decision of this court was reversed (see Sanders et al. v. Wyatt et al., 187 La. 80, 174 So. 161) and the case remanded with instructions that it be reinstated on the docket of this court and proceeded with according to law. The case therefore recurs before us for review on the ruling in the lower court on its action in sustaining the motion to strike out and set aside the plaintiffs' last supplemental petition. Naturally, if the court's action was correct in that respect, its subsequent ruling on the objection to the introduction of testimony was also proper. On the other hand, if the motion to set aside and strike the supplemental petition from the record was improperly sustained, it follows that the case will have to be remanded to the lower court for further proceedings.

139

■ The granting of an order permitting the filing of a supplemental petition, after issue has been joined, is a matter which rests largely in the discretion of the court. The Code of Practice vests the court with that discretion and restricts it only in a case where the new petition changes the substance of the original demand. This provision is found in article 419 of the Code of Practice, which reads as follows: "After issue joined, the plaintiff may, with the leave of the court, amend his original petition; provided the amendment does not alter the substance of his demand by making it different from the one originally brought."

It becomes necessary therefore to ascertain, in the first place, what is the substance of the demand as originally made, and secondly, if its substance was altered or made different by the amending petition.

The substance of a thing is its "essential part"; its "main or material part." (See Webster's Twentieth Century Dictionary.) Applying that definition to the word as used in the article of the Code of Practice in connection with the word "demand," we may say then that the substance of a demand is the essential part, the main or material part of the demand. Looking for that part of the demand as contained in the original petition of the plaintiffs in this case, we find that it is their claim to be compensated in money for the damages sustained by them by reason of the death of their father, who, they allege, was struck down by an automobile which was being negligently driven by Miss Sarah Wyatt. As incidental thereto, they allege further that this automobile, besides being driven by her, was also owned by her, and that it was insured against liability for such damages as they claim by the defendant insurance company. The liability sought to be enforced against this last defendant is predicated on the protection afforded by it to the public against liability for damages arising out of the negligence of certain persons driving the automobile, according to the terms of a certain insurance policy. True, the original petition sets out that the coverage protected Miss Wyatt as the owner of the car, but that we take to be incidental only. The essential, the material part of the demand, as alleged, is that this particular automobile, negligently driven by some one, caused these plaintiffs to suffer damages, and that this defendant insurance company is liable under a policy covering that same automobile.

Now, in what respect, if any, does the amending petition change the substance or the material part of that demand? In none whatsoever, as far as we are able to determine. True, it sets out a different ownership of the automobile, stating reasons why plaintiffs had been unable to allege the true facts concerning ownership in the original petition. But the substance of the demand, namely, the claim for damages resulting from the negligent operation of that same automobile by the same party, and the liability of the insurance company because of the coverage it carried, remains the same. The negligent driver of the automobile, instead of being covered under the insurance policy, as owner, is now alleged to be covered as an additional insured, being a member of the household of the owner of the car, and as such protected under the terms of the policy. The only difference presented by the supplemental petition, in our opinion, is a matter of proof. It certainly does not alter the substance of the demand, nor has it created any new issue. This defendant, as far as we are able to see, has suffered no harm or injury whatever by the filing of this new supplemental petition. Every defense which it has heretofore made, and any other it may choose to make, is still open and available to it.

■ We have been favored with excellent briefs by counsel on both sides. They have made a thorough canvass of the decisions of our courts on the question presented for our consideration. There is no doubt but that the modern trend of jurisprudence is in favor of more liberality in the matter of permitting amendments to pleadings, and in avoiding as much as possible the necessity of filing a new suit where the one originally filed can serve the purpose. But we don't think that this case is one which calls for the application of this modern, liberal rule. We think that the supplemental petition can stand under a strict interpretation of the article of the Code of Practice with which we are dealing. As we stated at the beginning, with the sole restriction therein placed upon him, a large discretion in the matter is vested in the trial judge. We do not think that there was an abuse of that discretion by the judge who originally granted the order permitting the filing of the supplemental petition which was later ordered stricken from the record by another of the district judges. It follows that the judgment appealed from will have to be reversed and set aside and

140

the case remanded to the district court to be proceeded with on the supplemental petition of the plaintiffs and on such further pleadings as may be made, consistent with the demand as originally brought.

It is for the reasons stated now ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby reversed, annulled, and set aside. It is further ordered that the judgment on the rule to recall the order permitting the filing of the plaintiffs' third supplemental petition and ordering the said petition stricken from the record, be also reversed and set aside, and it is now ordered that the said order permitting the filing of the same, and the said supplemental petition itself, be reinstated and made part of the record. It is further ordered that this case be remanded to the district court for further proceedings and trial according to law, all costs so far incurred to be borne by the defendant, appellee herein.