This case comes before us on an appeal by defendant, Althea Williams, from a judgment of the District Court awarding plaintiff compensation at the rate of $19.50 per week for the period of disability not to exceed 400 weeks. The judgment further provided for recognition of a credit upon the judgment in the sum of $1,000.
The appeal has been answered by plaintiff who prays the amendment of the judgment to the extent of disallowing the credit of $1,000 allowed by the lower Court.
There are no questions of fact presented by this appeal, the sole issues raised being concerned with matters of law and procedure.
In his original petition in this cause plaintiff alleged that he was an employee of the defendant, Althea Williams, at the time of the occurrence of the accident which resulted in his injury and disability.
In answer to plaintiff's petition the defendant, Althea Williams, specifically denied her status as plaintiff's employer and alleged that she was employed by the Peterson Sales Company of Shreveport, Louisiana, to render labor services in the course of which she was authorized to employ helpers, of whom plaintiff was one so employed.
Subsequent to the filing of defendant's answer, unquestionably impelled by the recitals therein as above summarized, plaintiff filed a supplemental and amended petition. This pleading averred "upon information and belief founded in part upon allegations made in the answer filed by Althea Williams" that the Peterson Sales Company had entered into a contract with Althea Williams as an independent contractor. Pleading in the alternative, plaintiff further averred in his supplemental petition that Althea Williams was an employee of Peterson Sales Company and "that this petitioner was, therefore, also an employee of said Peterson Sales Company" * * *.
Peterson Sales Company answered denying all the allegations of plaintiff's supplemental petition and set up the fact that Peterson Motors, Inc. was in reality the party at interest by reason of some arrangement with defendant, Althea Williams.
In consideration of this development plaintiff filed a second supplemental and amended petition in which he alleged error as to the parties, adopted and reiterated the allegations of his first supplemental petition, and asked the substitution of Peterson Motors, Inc. in the place and stead of Peterson Sales Company.
Peterson Motors, Inc., made defendant by plaintiffs second supplemental and amended petition, filed an exception of no cause or right of action which, after hearing, was overruled, and thereupon answered the suit generally denying the allegations of plaintiff's amended pleading and, among other things, specifically denying that either plaintiff, Jones, or the defendant, Althea Williams, was its employee.
Some two weeks after the filing of answer by Peterson Motors, Inc., a joint petition was presented to the First District Court of Caddo Parish, Louisiana, in which the plaintiff, Booker Jones, the defendant, Peterson Motors, Inc., and its insurer, Eagle Indemnity Company, were represented as first, second and third petitioners, respectively.
In the course of this petition there appeared the allegation that "second and third petitioner each denied generally and *Page 582 
specifically, all of the allegations contained in first petitioner's original and supplemental petition, and affirmatively allege that first petitioner was never injured while in the employ of second petitioner; was never an employee of second petitioner * * *."
This petition further proceeded to set up the recitals that are usual and customary in connection with a petition of compromise agreement under the Workman's Compensation Act, particularly reserved all of the rights of plaintiff, Booker Jones, against the defendant, Althea Williams, and further subrogated all rights and causes of actions on the part of second and third petitioners as against the defendant, Althea Williams, in favor of plaintiff. The petition prayed for the approval of the proposal of compromise and settlement in which the basis fixed for payment to plaintiff, Booker Jones, by the defendant, Peterson Motors, Inc., and its insurer was designated as being the lump sum of $1,000.
In accordance with the provisions of the petition evidencing the compromise settlement, finding that the same was just and in substantial accord with the terms of Act No. 20 of 1914, as amended, and that the lump sum settlement proposed was to the best interest of the claimant, there was judgment by the Court approving the settlement and entering judgment in favor of plaintiff, Booker Jones, and against Peterson Motors, Inc. and Eagle Indemnity Company in the sum of $1,000. The judgment further recognized the subrogation in favor of plaintiff and reserved all of his rights and causes of action against the defendant, Althea Williams. The amount of the judgment was paid to plaintiff who executed a receipt and discharge in favor of Peterson Motors, Inc. and its insurer.
[1] A plea of estoppel was filed by defendant. The minutes of the District Court do not reflect what action was taken with reference to this plea, and, accordingly, it must be assumed that the same was overruled either expressly or by implication. The issues tendered by the plea have been strenuously urged before this Court.
After trial on the merits there was judgment in favor of plaintiff and against the defendant, Althea Williams, to the extent first hereinabove noted.
The first point raised on behalf of appellant is based upon the proposition that facts cannot be pleaded in the alternative, and, accordingly, the plaintiff's pleadings alleging that he was the direct employee of the defendant, Williams, and, in the alternative, that he was the direct employee of Peterson Motors, Inc., were so inconsistent as to be mutually destructive, thus rendering the petition fatally defective.
[2] We think this contention may be briefly disposed of on the ground that the alternative pleading, as represented in plaintiff's supplemental and amended petition, was necessitated and required by reason of the averments set forth in the answer of defendant appellant.
The employment of the alternative pleading in the instant case is not of that nature which is reprehended by the rule against the alternative pleading of inconsistent facts.
To sustain appellant's contention in this connection would be equivalent to denying an employee who might be ignorant of the exact identity of his employer the right to recover compensation. Such a holding would be repugnant to the liberal procedural requirements of the Workman's Compensation Statute and the interpretations of our Courts which have consistently relaxed the application of technical rules to this character of action.
The second point urged by appellant is predicated upon the proposition that one who alleges himself to be the employee of a certain party and enters into a compromise settlement with such party on the basis of the alleged employment is estopped by his own acts and judicial admissions from thereafter prosecuting the same cause of action against another party under an alternative allegation of employment by such other.
The argument in support of this contention is susceptible of being briefly and clearly illustrated:
(1). A brings suit for compensation against B on the ground that he was B's employee. *Page 583 
(2). Supsequently in the same suit A, by means of a supplemental and amended pleading, alternatively alleges that if he was not in the employ of B he was the employee of C and prays judgment against C.
(3). A and C enter into a compromise agreement for the settlement of A's claim based upon and arising out of the essential element of employment, which settlement is approved and authorized by formal judgment of the Court.
(4). Query: Can A who has settled his claim against C, in which the question of employment was an issue, thereafter maintain his demand against B and continue to assert his status as B's employee?
We find no jurisprudence of this or of any other jurisdiction directly bearing upon this issue or sufficiently analogous thereto to serve as precedent for the determination of this point. It therefore appears that the question is res nova in this State.
The basis of appellant's contention is obvious, namely that a party is estopped from maintaining a claim against an alleged employer when he has already recovered from another party on the alleged basis of employment.
[3] It might be urged that this contention fails in view of the fact that plaintiff's employment by Peterson Motors, Inc., with whom he effected a compromise, was one of the disputed issues between them. Unquestionably this fact is true, but it must be borne in mind that the basis of compromise settlements under the Workmen's Compensation Statute is the existence of a dispute.
It is seriously and ably contended by distinguished counsel for plaintiff that the dispute and the uncertainty of positions as between plaintiff and. Peterson Motors, Inc. which influenced both parties to effect a compromise, was not concerned with the question as to the employer-employee allegation between plaintiff and Peterson Motors. But this does not appear from the record before us. We must be governed by the pleadings and it is clear from a review thereof that the issue of employment was not only made by the pleadings of the parties but was reiterated in the compromise agreement in which plaintiff asserted the employment and Peterson Motors specifically denied such employment. Therefore, while the employer-employee status may not have been the only issue in dispute certainly it was one issue which was intended to be finally determined by the negotiation of the compromise settlement.
[4] Appellant's claim on the point under consideration should not be confused with her position with regard to plaintiff's alternative pleadings. As we have above held there was nothing inconsistent in plaintiff's position which in effect led him to allege that he was either the employee of one or the other of the parties defendant. But the question is whether he can effect settlement with one party on the basis of employment and continue to assert his claim against the other party. He was not required to elect whether he should sue either one or the other, because such an election, under the circumstances, might have reacted to the prejudice of his rights. But when he elected to settle with one party as the employer we believe that by such a free and independent election he has estopped himself from the continuance of the assertion of his claim against the other. Obviously there is a vast distinction between alternative pleading and the election of a remedy.
To permit appellee to recover against the defendant, Williams, to the extent of all or a part of his claim would be in effect a justification of a double recovery upon the basis of a single cause of action.
The third ground of attack upon the judgment of the lower Court by the appellant is directed at the point that the judgment entered upon the basis of the compromise settlement is res judicata as to the appellant, Williams.
[5] We are not impressed with this claim particularly in view of the specific provisions of Article 539 of the Code of Practice which provides that a definitive judgment having the force of res judicata is such a judgment as decides on the point in controversy between the parties, and Article 2286 of the Civil Code which requires that the demand must he between *Page 584 
the same parties and formed by them against each other in the same quality.
The requirements which would conform the existing facts of the case to the codal provisions are not present since the defendant, Williams, was not a party to the compromise agreement.
[6] The final objection made on behalf of appellant is predicated upon the alleged error of the trial Court to order the claimant to submit himself to a medical examination. A review of the record in the case is convincing to the effect that defendant had ample opportunity to procure medical examination of the claimant prior to trial of the case. There was no abuse of discretion nor error on the part of the Judge of the District Court in refusing to require the claimant to submit to an examination after the trial.
For the reasons assigned the plea of estoppel filed by defendant-appellant is sustained and the judgment appealed from is reversed and set aside and plaintiff's suit against defendant-appellant dismissed at his cost.
KENNON, J., absent.
 On Rehearing.