38 So.2d 252

**TOWN OF MADISONVILLE v. DENDINGER.**

No. 38722.

Dec. 13, 1948.

Ellis, Ellis & Lancaster and James W. Ellis, all of New Orleans, for plaintiff-appellee.

J. Monroe Simmons, of Covington, for defendant-appellant.

O'NIELL, Chief Justice.

The Town of Madisonville is suing to compel the defendant to move or destroy a warehouse owned by him and located on the west bank of the Tchefuncte River in the corporate limits of the town. The suit was brought under authority of article 861 of the Civil Code, which provides:

"Works which have been formerly built on public places, or in the beds of rivers or navigable streams, or on their banks, and which obstruct or embarrass the use of these places, rivers, streams, or their banks, may be destroyed at the expense of those

who claim them, at the instance of the corporation of the place, or of any individual of full age residing in the place where they are situated.

"And the owner of these works can not prevent their being destroyed under pretext of any prescription or possession, even immemorial, which he may have had of it, if it be proved that at the time these works were constructed, the soil on which they are built was public, and has not ceased to be so since."

The defendant, answering the suit, denied that the warehouse was on the bank of the river, as defined in the Civil Code, article 457, and averred, in the alternative, that, if the court should find that a part of the warehouse extended over or upon the river bank, as so defined, that part of the warehouse would be only an encroachment upon the river bank "without preventing its use", and that as it could not be removed or destroyed without causing "signal damage" to the defendant, it should be permitted to remain where it is, under the provisions of article 862 of the Civil Code, which provides:

"If the works, formerly constructed on the public soil, consist of houses or other buildings, which can not be destroyed, without causing signal damage to the owner of them, and if these houses or other buildings merely encroach upon the public way, without preventing its use, they shall be permitted to remain, but the owner shall be and, when he rebuilds them, to relinquish

that part of the soil or of the public way, upon which they formerly stood."

The judge of the district court after hearing the case gave judgment for the plaintiff, ordering the defendant to remove or destroy his warehouse at his own expense within 60 days from the date of the judgment. The defendant obtained a suspensive appeal, which has prevented the execution of the judgment and which will continue to prevent it until the 60 days have elapsed from the time when and if the judgment shall become final.

The Tchefuncte River is a navigable stream, having a width of 500 feet or more at the place where it passes along the east boundary of the town of Madisonville. The public highway bridge crosses the river at the foot of Mulberry Street, which is a continuation of the state highway from New Orleans to Madisonville. The Dendinger warehouse, which the judge has ordered the defendant to remove or destroy, is located about 65 feet north from the end of the highway bridge. The warehouse measures 56 feet along the river bank and is 42 feet wide. On the west side of the warehouse is a shelled thoroughfare called Water Street, measuring 51 feet in width from the west side of the warehouse to the sidewalk along the property line of the privately owned property facing the river. From the blueprint of a map which was introduced in evidence, and on which appears a scale of measurements or distances, it appears that there is a space between the

privately owned property facing the river and the river itself, which space is marked Water Street and has a width ranging from approximately 75 feet to approximately 125 feet from the sidewalk on the west side of Water Street to the bank of the river. This space marked Water Street extends a distance of 4 or 5 blocks along the west bank of the river; that is, 2 blocks below and 2 or 3 blocks above the bridge at the foot of Mulberry Street. It appears from the testimony that this space between the river bank and the privately owned property facing the river, although marked Water Street, is not all used as a street. Only the western portion of the space is covered with shells and used as a street. That portion, as we have said measures 51 feet in width from the west side of the Dendinger warehouse to the sidewalk on the west side of Water Street, but, above and below the warehouse, the space which is covered with shells and used as a street varies in width, being in some places only 20 feet wide.

We must bear in mind that—according to the allegations of the plaintiff's petition —and according to the opinion rendered by the district judge—this suit was dealt with, not as a suit to compel the removal of the warehouse from public land, generally speaking, but merely to compel the removal of the building from the bank of a navigable river, as defined in the Civil Code, article 457—thus:

"The banks of a river or stream are understood to be that which contains it in its ordinary state of high water; for the nature of the banks does not change, although for some cause they may be overflowed for a time.

"Nevertheless on the borders of the Mississippi and other navigable streams, where there are levees, established according to law, the levees shall form the banks."

There is no levee on the bank of the Tchefuncte River. The bank slopes so gradually, in the town of Madisonville, that it requires a rise of only twelve inches for the water to extend as far as 10 or 12 feet along the ground.

Eight witnesses for the plaintiff—all of whom were residents of Madisonville—and three of whom were members of the town council—testified that water stood under the defendant's warehouse when the river rose to its normal or ordinary high stage. Six witnesses for the defendant, including the defendant himself, testified that there was never any river water under the warehouse when the river was at its ordinary high stage. At the request of the attorneys representing, respectively, the plaintiff and the defendant in this case, the judge made an inspection of the stage of the river at the site of the warehouse, and came to the conclusion that at its normal high stage the river would cover the land for a considerable distance under the defendant's warehouse. But the judge conceded that the river was below its ordinary high stage at the time when he made his inspection, and that, for that reason, he could only estimate —as all of the witnesses on that subject

had estimated—the distance to which the river would extend under the warehouse when the river would rise to its ordinary high stage. The judge concluded that the warehouse was not merely an encroachment upon the river bank "without preventing its use", but was in fact an obstruction which prevented absolutely the use of the river bank by the public. For that reason the judge declined to give the defendant the benefit of article 862 of the Civil Code, referring to buildings which merely encroach upon the bank of a navigable river "without preventing its use."

So far as this suit is founded upon the proposition that the location of the warehouse absolutely prevents the use of the bank of the river, as defined in article 457 of the Civil Code, our opinion is that the plaintiff has failed to make out its case, and that the defendant should have the benefit of article 862 of the Civil Code, referring to buildings which merely encroach upon a public place, such as the bank of a navigable river, "without preventing its use". However, the map, or blueprint to which we have referred indicates that all of the space extending westward from the river bank to the property line of the privately owned lots along the west side of Water Street is public property, and that the warehouse is therefore located entirely upon public property, only a part of which perhaps is the bank of the river. If this suit had been brought and dealt with upon that theory, the judgment appealed from perhaps would be correct. We are not sure

of that, however, because, if the suit had been brought and dealt with upon that theory the defendant might have been able to make some showing of private ownership of the space extending from the west bank of the river to the west side of Water Street.

According to the defendant's testimony it would cost approximately $3,000 to move the building.

Our conclusion therefore is that the plaintiff's suit should be dismissed as of nonsuit.

The judgment appealed from is annulled and the suit is ordered dismissed as of nonsuit at plaintiff's cost.