39 So.2d 746

**JONES v. WILLIAMS.**

No. 38916.

Feb. 14, 1949.

Rehearing Denied March 21, 1949.

Thos. M. Comegys, Jr., of Shreveport, for plaintiff-applicant.

Wellborn Jack and Ashley J. Gold, both of Shreveport, for defendant-respondent.

McCALEB, Justice.

On August 28, 1945, plaintiff received injuries in an accident while performing work required of him as an employee of Althea Williams, who was engaged in the operation of a general trucking and transfer business in Shreveport. Alleging that his employer's occupation was hazardous and that he was totally and permanently disabled as a result of the accident, he sued for compensation under the Employers Liability Act, Act No. 20 of 1914, as amended, at the rate of $20 per week for 400 weeks. In the alternative, he asserted that, if it should be held that the compensation law was inapplicable, he was entitled to recover damages as the accident resulted solely from the negligence of the defendant.

In due course, the defendant answered and denied that plaintiff was her employee. She averred that she was an employee of Peterson Sales Company of Shreveport; that she was authorized by it to employ helpers and that it was only by virtue of this authority that she hired plaintiff.

Because of the allegations contained in defendant's answer, plaintiff filed a supplemental petition in which he joined Peterson Sales Company as a party. He alleged that Peterson Sales Company, in the course of conducting its business and as a part thereof, contracted with Althea Williams to perform services for it as an independent contractor and that it was therefore liable to him under Section 6 of the Employers Liability Act, as amended, Act No. 85 of 1926. He further averred, in the alternative, that, if the sworn statements contained in the answer of Althea Williams were found to be true, Peterson Sales Company be adjudged liable for compensation as his employer.

Peterson Sales Company answered asserting that it had nothing whatever to do with Althea Williams and that, in reality, Peterson Motors, Inc. was the party at interest by reason of an arrangement it had made with her to perform certain hauling services.

In view of this development, plaintiff filed another supplemental petition reiterating all of his previous allegations and substituting Peterson Motors, Inc. as defendant in the place of Peterson Sales Company. Thereafter, Peterson Motors, Inc. appeared and resisted the demand by exception and answer. Subsequently, however, it settled its liability with plaintiff by paying him $1,000 in compromise which was confected in accordance with Section 17 of the Employers Liability Act, as amended, Act No. 96 of 1942, by a joint petition and with the approval of the court. In the agreement, plaintiff reserved all of his rights and causes of action against Althea Williams and was subrogated to any right that Peterson Motors, Inc. might have against her by virtue of the provisions of Section 6 of the Act.

After the compromise judgment had been entered, Althea Williams filed a plea of estoppel in which she contended that plaintiff, by settling with Peterson Motors, Inc., tacitly acknowledged that he was its employee; that he was thereby estopped from asserting that he was employed by her and that, at all events, the compromise settlement should be declared res adjudicata as to his entire demand.

These pleas were overruled by the trial judge and, following a hearing on the merits of the case, there was judgment in plaintiff's favor for compensation at the rate of $19.50 per week for the period of his disability not exceeding 400 weeks, less a credit of $1,000 (received in the compromise settlement with Peterson Motors, Inc.) with interest and costs. Althea Williams appealed to the Court of Appeal for the Second Circuit and plaintiff answered, praying that the judgment be amended so as to disallow defendant credit for the $1,000 paid him in the settlement.

After a hearing in the Court of Appeal, the plea of estoppel was maintained and plaintiff's suit dismissed. See La.App., 33 So.2d 580. Plaintiff applied for a rehearing which was granted but limited to a consideration of whether defendant was liable in tort under plaintiff's alternative demand. The rehearing on this question resulted in a judgment in defendant's favor and plaintiff then applied here for a writ of certiorari. The writ was granted and the matter is now before us for decision.

Counsel for Althea Williams have filed a motion to recall the writ asserting that it was improvidently granted because application therefor was not made within thirty days after a rehearing was refused by the Court of Appeal on the demand for compensation.

On November 10, 1947, plaintiff applied to the Court of Appeal for a rehearing and on November 26th the Court entered the following order: "The rehearing applied for by the plaintiff, appellee, is granted, but restricted to the alternative demand, the tort action; in all other respects a rehearing is denied."

The final judgment of the Court of Appeal on rehearing was entered on February 2, 1948 and within thirty days thereof, viz., February 26, 1948, plaintiff applied to this court for a writ of review.

The contention of defense counsel is that, since the Court of Appeal refused a rehearing on the compensation claim on November 26, 1947, plaintiff was required by Section 11 of Article VII of the Constitution to file his application within thirty days after that date.

We see no merit in the proposition. Section 11 of Article VII of the Constitution provides, in substance, that it is competent for this court to require, by certiorari or otherwise, "any case to be certified from the Courts of Appeal to it for review" but that this court "shall in no case exercise the power conferred by this Article unless the

application shall have been made * * * within thirty days after a rehearing shall have been refused by the Court of Appeal; * * * ".

■ A consideration of the language of the constitutional provision makes manifest to us an intention to predicate the right to apply for a writ of review upon final action of the Court of Appeal in "any case" as distinguished from a demand. In the instant matter, while it is true that the action of the Court of Appeal on November 26, 1947 (in limiting the rehearing applied for to a consideration of the demand in tort) was final insofar as the compensation demand was concerned, it was not a final disposition of the cause as the Court still retained the right to grant plaintiff the relief alternatively prayed for. Accordingly, plaintiff was not required to file his application within thirty days after that order was entered as it is not until there is a final judgment of the Court of Appeal in "any case" that the time for applying to this court for writs of review begins to run. The motion to recall the writ is therefore denied.

The principal matter presented for discussion on the merits of the case is whether the compromise by plaintiff of his claim against Peterson Motors, Inc. is res adjudicata as to Althea Williams or has estopped him from pursuing his cause of action against her. There is apparently no dispute between the parties respecting the accident, the injuries, the employment and Althea Williams' ensuing responsibility for com-

pensation under ordinary circumstances. But it is professed that, because plaintiff settled with Peterson Motors, Inc. its liability for compensation on the same cause of action, the compromise judgment effectively adjudicates all of his rights and that he has thereby estopped himself from continuing to claim compensation from Althea Williams.

■ The argument for res adjudicata is without substance, as Althea Williams is not a party to the compromise judgment. The plea is sustainable only where the demand adjudicated is between the same parties and formed by them against each other in the same quality. Article 2286 of the Civil Code.

However, the Court of Appeal thought that plaintiff was estopped, holding that he had elected to pursue an inconsistent course by compromising the claim with Peterson Motors, Inc. It observed [33 So.2d 583]: "But when he elected to settle with one party as the employer we believe that by such a free and independent election he has estopped himself from the continuance of the assertion of his claim against the other. Obviously there is a vast distinction between alternative pleading and the election of a remedy."

■ We find this conclusion to be erroneous for a number of reasons. In the first place, estoppel is an equitable remedy and, whether it be judicial or otherwise, it cannot be successfully invoked unless the party pleading it exhibits that he was dam-

aged by the act sought to serve as a basis for the estoppel. Farley et al. v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915C, 717; Tyler v. Walt et al., 184 La. 659, 167 So. 182; Sanderson v. Frost, 198 La. 295, 3 So. 2d 626; Robinson v. Hunt et al., 211 La. 1019, 31 So.2d 197; Janney v. Calmes, 212 La. 756, 33 So.2d 510 and Slaton v. King, 214 La. 89, 36 So.2d 648.

 Nor do we think that the court enhanced the soundness of its resolution by founding it on plaintiff's alleged election of a remedy. Indeed, the rules pertaining to election of remedies are without pertinence to the case at bar, as that doctrine of procedure applies only where the remedies pursued against different persons are repugnant and inconsistent. See 28 C.J.S., Election of Remedies, § 8, page 1073; Idem 18 Am.Jur. Sections 11, 12 and 13. Here, the remedies invoked by plaintiff are pleaded in the alternative and this fact alone renders them incapable of being inconsistent.

In Haas v. McCain, 161 La. 114, 108 So. 305, 306, it was said: "Two demands that would be inconsistent if both were insisted upon are not at all inconsistent when made alternatively; that is, when the demand urged secondly is made only on the condition that the demand first made should not be granted."

See also Templet v. Babbitt, 198 La. 810, 5 So.2d 13 and cases there cited.

Since the remedies are not repugnant, there is no valid reason why plaintiff should not have settled with one defendant and reserve his right as to the other. As a matter of fact, Althea Williams, far from suffering prejudice as a consequence of the settlement, is better off to the extent of $1,000, as the judge of the district court credited that amount against the total compensation due by her.

 Plaintiff, however, complains that the district court should not have permitted the credit of $1,000 and he answered the appeal of Althea Williams praying that the judgment be amended in that respect. This contention is not well founded because plaintiff is entitled to recover no more than the weekly compensation due him under the Employers Liability Act for the period of his disability, not exceeding 400 weeks. Hence, any payment that he receives, whether in compromise or not, must be deducted from the total compensation due.

The judgment of the Court of Appeals is annulled and the judgment of the district court is reinstated and affirmed. All costs are to be paid by Althea Williams.

O'NIELL, C. J., does not take part.