HARDY, Judge.
Plaintiff seeks recovery of damages allegedly resulting from the negligence of defendant’s employees in servicing plaintiff’s school bus. From a judgment in favor of plaintiff defendant has appealed.
Plaintiff, on the 22nd day of September, 1954, delivered his school bus to defendant’s place of business, a commercial garage located in the town of Marksville, Avoyel-les Parish, for the purpose of having the vehicle greased. Several days following the greasing operation plaintiff noticed an unusual noise, apparently emanating from the rear end of the school bus, but failed to determine the cause of the difficulty until the “back end” of the bus burned out, necessitating repairs consisting of the replacement of parts and the performance of labor amounting to the sum of $117.71.
It is contended by plaintiff that the damage to his school bus resulted from the improper and negligent operation of the automatic hydraulic lift by defendant’s employees which so dented the inspection plate covering the rear of the differential housing as to permit the grease to leak therefrom.
The issue here presented is purely one of fact and was resolved in favor of plaintiff by the district judge, who rendered a written opinion and analyzed the testimony *73 of the several witnesses tendered by plaintiff and defendant.
After plaintiff discovered the damage to his vehicle he returned it to defendant’s place of business and in the presence of three witnesses, a deputy sheriff of Avoyel-les Parish, a garage operator and mechanic and another school bus operator, it was established that the dented portion of the differential housing inspection plate fitted the defendant’s grease lift, and, further, that green paint similar in color and appearance to the paint on the lift was found on the inspection plate. Under these circumstances we discover no ground for disagreement with the finding of our learned brother of the district court. While it is true that defendant and two of his employees attempted to rebut the charge of negligence, the district judge was unfavorably impressed by the testimony of the employees and specifically commented that he was not convinced that one of said witnesses was “passionately devoted to the truth.”
Before this court distinguished counsel for defendant has zealously contended that the trial judge erred in his factual findings and was guilty.of manifest error with, respect thereto. Careful examination of the record has not only failed to convince us of any such error, but, to the contrary, has served to substantiate the resolution of the question as made by the trial judge.
Alternatively, counsel urges that plaintiff was guilty of contributory negligence in the daily use of his school bus over a period of some seven days following the alleged infliction of damages. .We find nothing negligent in plaintiff’s conduct and are acquainted with no rule of law or practical experience which would indicate the necessity of imposing upon a motorist a responsibility for checking and approving the servicing operations of a skilled mechanic.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.