Joseph C. SHIELDS, Plaintiff,

v.

AMERICAN MOTORISTS INSURANCE COMPANY, Defendant.

Civ. A. No. 6438.

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 13, 1957.

taxpayer by increasing sales of lots, it is fairly obvious that both the taxpayer as well as the lot owner would benefit.

Nicholas Masters, New Orleans, La., for plaintiff.

Hammett & Bertel, H. L. Hammett, New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

This case presents a novel question: May an employee, having settled, with his employer, his claim in compensation under the Louisiana Workmen's Compensation Act,[1] sue his employer's liability carrier in tort for damages under LSA–C.C. Art. 2315? The defendant insurer urges that since the Act makes the remedy thereunder an exclusive one, plaintiff may not maintain this action in tort for damages.

There is no Louisiana case precisely in point. Gerstmayr v. Kolb, La.App., 158 So. 647, held that an employee who accepted weekly compensation checks and signed a final receipt for compensation received from his employer's insurer was neither estopped nor barred by the Act from suing his employer in tort. In the case in suit, however, the plaintiff not only received compensation checks but executed a formal agreement, judicially approved, with his employer compromising his claim under the Louisiana Workmen's Compensation Act.

The Act provides that the remedy thereunder shall be exclusive where the Act applies.[2] Citing an article of the Louisiana Civil Code stating that a compromise agreement is tantamount to a judgment and has the effect of res judicata,[3] the defendant argues that plaintiff, by reason of the compromise, is barred from litigating the question of coverage under the Act. In the alternative, it argues estoppel in the premises.

■■ The argument based on res judicata is without substance. The defendant here was not a party to the compromise agreement. LSA–C.C. Art. 2286.[4]

---

1. LSA–R.S. 23:1021 et seq.

2. LSA–R.S. 23:1032 reads:
   "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.
   "Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute."

3. LSA–C.C. Art. 3071.

4. LSA–C.C. Art. 2286 reads:
   "The authority of the thing adjudged takes place only with respect to what

Assuming that the defendant, as liability insurer, stands in the shoes of its assured, res judicata is still not applicable for the reason that the demand of the plaintiff which was compromised was a demand for compensation under the Act. Here the demand is for damages in tort under LSA–C.C. Art. 2315. In Louisiana, unlike under the common law,[5] for res judicata to apply the thing demanded must be the same, as must be the parties. LSA–C.C. Art. 2286; Quarles v. Lewis, 226 La. 76, 75 So.2d 14.

■ Although, as stated, there is no Louisiana case precisely in point, the Louisiana Supreme Court, in Jones v. Williams, 215 La. 1, 39 So.2d 746, 749, supports the view that this action may be maintained. There a plaintiff employee sued two defendants under the Louisiana Compensation Act claiming, in the alternative, that one or the other was his employer. After approving a compromise agreement under the Act with one defendant, the trial court proceeded to enter judgment against the remaining defendant after a trial on the merits. The Court of Appeals reversed, but the Supreme Court of Louisiana reinstated the judgment of the district court, holding that neither res judicata nor estoppel was applicable and that the plaintiff employee, irrespective of his compromise with one defendant, judicially approved under the Act, may nevertheless proceed in compensation against the other. The Court disposed of the defendant's plea of res judicata by simply referring to LSA–C.C. Art. 2286, and of the plea of estoppel by suggesting that "estoppel is an equitable remedy and, whether it be judicial or otherwise, it cannot be successfully invoked unless the party pleading it exhibits that he was damaged by the act sought to serve as a basis for the estoppel."

It is true that the exclusive remedy provision of the Louisiana Workmen's Compensation Act was not at issue in Jones v. Williams, supra. But Jones v. Williams, does teach that factual issues are not necessarily laid at rest merely because a compensation settlement has been executed, and that where principles of res judicata and equitable estoppel do not forbid, these factual issues may be the subject of further litigation. There the factual issue subsequently litigated related to employment. Here the factual issue to be litigated at the very threshold of this tort action is coverage under the Louisiana Workmen's Compensation Act. If the injury in suit here is covered by the Act, then this litigation is at an end, for the remedy under the Act is exclusive. If the injury in suit is not covered by the Act, there appears no reason why this tort action may not proceed. The settlement agreement compromised the coverage issue.[6] It did not resolve it. And the settlement was limited to claims under the Compensation Act.[7] It did not include tort actions.

There appears to be good reason for allowing this action to proceed in damages for tort against the employer's liability insurer, not only from the standpoint of the employee but also from the standpoint of the employer. The employer, as its own compensation insurer, is interested in disposing of its liability under the Act on the most favorable terms acceptable to the employee. It is not interested in protecting its liability insurer to

---

was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

5. See 2 La.L.Rev. 347; 2 La.L.Rev. 491.

6. The employer resisted the compensation claim on the ground that the injury was received without the scope of employ-

ment and hence without the coverage of the Act.

7. The settlement agreement, in pertinent part, reads: "For and in consideration of * * *, the undersigned Joseph C. Shields does hereby grant full release, discharge and acquittance unto Avondale Marine Ways, Inc. for any and all liability under the Louisiana Workmen's Compensation Law arising out of an accident to the undersigned on May 17, 1957 * * *."

whom it is paying premiums for liability protection. Consequently, by limiting the compromise to claims under the Compensation Act, the employee may be persuaded to accept a more modest settlement.[8]

Defendant's motion for summary judgment is denied.

---

8. In any case where the compensation and liability carriers are not the same, there is no reason why the compensation carrier should not be allowed to settle cases of doubtful coverage under the Act at the smallest possible figure. Where the compensation and liability carrier is the same, it can protect itself by not limiting the settlement to claims under the Act.