HAWTHORNE, Justice.
Frank J. Cipriano has appealed from a district court judgment dismissing his suit on pleas of res judicata and prescription.
*63 The petition in the instant suit discloses [1] that this suit is a sequel to Cipriano v. Superior Realty & Construction Corp., 228 La. 1065, 84 So.2d 822; that in the former action Frank J. Cipriano sued Superior Realty & Construction Corporation, Clifford W. Sherman, Jr., Continental Casualty Company, and Aetna Casualty & Surety Company to recover an in solido judgment against these defendants on the ground that a house which Cipriano had purchased from one of them was partially destroyed by a fire which started in a wall heater; and that the heater was either defective when installed, or else had been improperly connected. Cipriano’s main demand in that case was for breach of warranty; in the alternative he prayed for judgment against all defendants in solido for damages caused by the fire which he alleged resulted from the negligence of the defendants in installing a defective heater. [2] In that suit this court granted Cipriano recovery on his main demand — an action for reduction of the purchase price against Superior Realty & Construction Corporation — in the sum of $5,021.33, and affirmed the lower court judgment dismissing the suit as to all other defendants.
The moment the main demand based on breach of warranty was granted in the first proceeding, the alternative demand in tort automatically passed out of the case, having been made only on the condition that the demand first urged should not be granted. See Cipriano v. Superior Realty & Construction Corp., supra. However, although Cipriano was successful in that former suit, he applied to this court for a rehearing on the ground, among others, that Superior Realty & Construction Company had been out of business for a number of years, and that therefore the judgment we had given him was worthless. His application for rehearing was denied on January 16, 1956.
On June 21, 1956, Cipriano filed the instant suit against Clifford W. Sherman, Jr., Continental Casualty Company, and Aetna Casualty & Surety Company — all of the defendants in the former suit except the insolvent Superior — to recover $6,092.48 as damages in tort on the ground that the fire which partially destroyed Cipriano’s house was the result of the installation of a defective heater by defendants. In other words, the demand in the instant suit is the same as the alternative demand in the former case. To the present action defendants filed pleas of res judicata and prescription, as well as exceptions of no right or cause of action. When the lower court maintained the pleas of res judicata and prescription, Cipriano took this appeal.
In this court appellees have filed another exception of no cause of action, and we have *65 decided to maintain the lower court judgment by maintaining this exception. In our view Cipriano’s right to bring the instant suit has been waived.
Generally speaking, at common law an election of remedies is the choice by a litigant of one remedial right when several inconsistent remedial rights arise out of the same facts, the adoption of one of the coexisting remedies precluding a resort to the others, which are thereby waived. See R. B. George Machinery Co. v. New Orleans, T. & M. R. Co., 167 La. 474, 119 So. 432; 28 C.J.S. Election of Remedies § 1, p. 1057; Annotation, 6 A.L.R.2d 10. In discussing the common law doctrine of election and waiver this court said in the recent case of Brown v. Lancaster, 218 La. 1036, 51 So.2d 617, 620:
“The doctrine may be said to find its counterpart under our system of pleading and practice in Article 149[3] of the Code of Practice under which a plaintiff is prohibited from cumulating several demands in the same action, when one of them is contrary to, or precludes another. * * *
“Early in our jurisprudence it was held that whilst the prohibition contained in the article is confined ‘in terms, to a cumulation in the same action,’ in spirit, ‘it prohibits the inconsistent demands in two distinct actions.’ Adams v. Lewis, 7 Mart.,N.S., 400.
“In later decisions the doctrine was recognized under its Common Law designation of ‘Election of Remedies’ and in its subsequent development Common Law rules and principles were applied. For instance in Lowenstein v. Glass, 48 La.Ann. 1422, 20 So. 890, 891, the court relied on a statement from Common Law authority in which it is said that ‘an election is binding on the party making it, and he cannot afterwards pursue an inconsistent remedy, though full recovery was not had in the first action.’ The doctrine was again recognized in R. B. George Machinery Co. v. New Orleans, T. & M. R. Co., 167 La. 474, 119 So. 432, where the court cited Corpus Juris to the effect that an election having been made, it became binding on the plaintiff and it did not matter that the conflicting remedies pursued *67 were against different persons or that the plaintiff had dismissed the first suit.”
Under the doctrine of election and waiver, if Cipriano, at the outset of this litigation, had elected to sue in contract, he would thereby have waived his right to later sue in tort; and conversely, if he had brought his original suit in tort, he would thereby have waived his right to subsequently sue in contract.
Counsel for Cipriano, however, took advantage of the liberal rules of pleading existing in Louisiana and brought his former suit in both contract and tort by pleading these two inconsistent theories in the alternative. See Haas v. McCain, 161 La. 114, 108 So. 305; Jones v. Williams, 215 La. 1, 39 So.2d 746. By so pleading counsel increased Cipriano’s chances of recovery, and in effect asked the court to elect the remedy for the petitioner — contract if possible, or in the alternative tort. Therefore when we in the first case granted Cipriano recovery for breach of warranty, a resulting waiver of the inconsistent tort theory occurred.
Counsel for appellant state that if Cipriano had collected the full amount of his claim from Superior Realty & Construction Corporation under the judgment rendered in the previous action, he would not be able to collect that same amount in the instant suit. However, they argue that the earlier case should not bar the present claim because the judgment obtained in the first action is worthless, Superior being insolvent.
The fact that Superior is insolvent in no way affects the waiver of the tort theory which occurred when we permitted Cipriano to recover for breach of warranty in the former proceeding. We hold therefore that the petition in the instant case states no cause of action.
The lower court judgment dismissing petitioner’s suit at his cost is affirmed.
FOURNET, C. J., absent.

. Par. 24 of the petition.

. In the instant suit petitioner is seeking to recover a judgment for $6,092.48, which is the same amount prayed for under the alternative demand in the former suit.

. Art. 149 of the Code of Practice provides: “The plaintiff is not allowed to cumulate several demands in the same action, when one of them is contrary to or precludes another. * * * ” Art. 152 of that Code states: “When two causes of actions, contrary to and exclusive of each other, have been cumulated in the same demand, the defendant may refuse to plead to the merit until tile plaintiff have made his choice as to which of the two he means to proceed with; and if the exception be sustained by the court, the plaintiff shall be bound to amend his petition so as to preserve only one cause of action; otherwise his suit shall be dismissed with costs.” (Footnote ours.)