TATE, Judge.
This is a suit for engine damage allegedly sustained by plaintiff’s automobile when defendant, a service station operator, negligently accomplished a change of oil so that the car engine burned through lack of oil. Defendant appeals from judgment of $108.65 in favor of plaintiff.
The evidence shows that the plaintiff took his automobile to defendant’s service station to have the oil in the filter and crank case changed. . After defendant had allegedly performed this service and was paid by plaintiff for the oil, plaintiff drove his car approximately 18 miles before the motor began knocking very badly. As corroborated by another service station operator to whom the car was brought, when plaintiff stopped there was no oil in the motor, which lack of oil while operating was the cause of the engine damage for which recovery is sought herein.
We are unable to find manifestly erroneous, on the record presented to us, the conclusion which we are informed the trial court reached as to the cause of plaintiff’s damages (oral reasons only were rendered) : that, after removing the old oil, defendant failed to put any new oil in plaintiff’s motor. Damages can, of course, be properly recoverable for such negligent breach of defendant’s contractual duty to plaintiff. Cf., Bonnette v. Coco, La.App. 2 Cir., 81 So.2d 72; Annotation, “Liability of filling station operator * * * in connection with servicing vehicle with lubricants or fuel,” 38 A.L.R.2d 1453.
On appeal, however, defendant principally urges that plaintiff had not alleged alternatively or otherwise that the damage was caused by defendant’s failure to replace the oil drained from plaintiff’s motor but had instead alleged solely that the injury resulted from the alleged circumstance “that the oil had escaped through the filter or its connections which [i. e., the filter] had not been properly replaced by the defendant or his employees.”
All witnesses concede that after plaintiff’s forced stop the motor surfaces were relatively clean and showed no sign of fresh oil having been blown thereover. Defendant and four witnesses of mechanical experience testified that when oil escapes because of an improper re-connection of the filter (the only negligent act of defendant alleged), it is spewed all over the motor; which testimony was not contradicted by plaintiff and his expert mechanic testifying.
Since the motor surfaces showed no sign of the spewed oil to be expected had indeed the engine oil escaped through the top of the filter connection, the virtually uncontra-dicted evidence thus proves that the cause of plaintiff’s damage was not the negligent act of defendant alone alleged in the petition. There is, then, considerable force to defendant’s argument that the suit should be dismissed, at the very least as of nonsuit. Cf., Town of Madisonville v. Dendinger, 214 La. 593, 38 So.2d 252.
Such a result, however, would be harsh and unduly technical under the circumstances of this case.
Although no evidence was admitted which enlarged the pleadings, the record does reflect an awareness on the part of both parties that the damage could have resulted either (a) from the failure to *142 properly replace the filter (as a result of which the oil escaped) or (b) from the failure to replace the oil itself. Although only the former negligent act was pleaded by plaintiff, defendant introduced evidence that he had replaced the oil and that it had been used up within 18 miles by plaintiff's deficient motor — evidence which the trial court did not accept (instead accepting evidence for plaintiff that the motor had never before been deficient in this respect).
Under either fact, the same basic cause of action (defendant’s negligence in changing the oil) and the same demand for the resulting damages is asserted. The costs of the present suit almost equal, we daresay, the award of damages made; and a re-trial by reason of non-suit would occassion unnecessary duplication of evidence and court costs. The contrary facts could properly have been pleaded in the alternative, cf., Jones v. Williams, 215 La. 1, 39 So.2d 746; and even after issue was joined, plaintiff was entitled to amend his petition so as to substitute, or to supplement in the alternative, by pleading a different fact which did not alter the substance or essential part of his demand, i. e., that he be compensated for defendant’s deficiencies in changing the motor oil, Art. 419, Code of Practice; Breaux v. Laird, 230 La. 221, 88 So.2d 33; Sanders v. Wyatt, La.App. 1 Cir., 176 So. 137.
In Dupre v. Consolidated Underwriters, La.App. 1 Cir., 99 So.2d 522, we remanded a case in order to permit allegation of facts stating an additional but closely related cause of action for the same basic demand (payment of $1,000 in medical costs). In reviewing and following therein the modern jurisprudence, we noted the conclusion in Breaux v. Laird, 230 La. 221, 88 So.2d 33, 37: “Our modern-day tendency is to relax the technical rules of pleading in order to arrive at the truth, afford a litigant his day in court and avoid a miscarriage of justice.”
In Seale v. Stephens, La.App. 1 Cir., 24 So.2d 651 this court in the interest of preventing injustice remanded a case to permit amendment of a petition to allege other and different facts which did not change the essential demand, so that the pleadings (which otherwise had restricted the proof) would conform to the true facts brought forth at the trial. We protected the rights of the defendant by granting him the right to answer the amended petition and to present any additional evidence to sustain his defense. Although writs of review were granted, the Supreme Court reinstated and approved the decree of this court. Seale v. Stephens, 210 La. 1068, 29 So.2d 65. We think such action herein to be appropriate under the facts of the present case.
For these reasons assigned, the judgment appealed from is affirmed insofar as it holds that the cause of the damage sustained by plaintiff’s motor did not result from any failure of defendant to properly replace the filter or its connections; but it is otherwise reversed and remanded for further proceedings consonant with the views herein expressed. Costs of this appeal to be paid by plaintiff-appellee; all other costs to await final determination of this suit.
Affirmed in part; reversed and remanded in part.